## QUESTIONS PERTAINING TO THE WORKMEN'S COMPENSATION ACT.

### Superior Court of Cincinnati.

AVONIA V. GRIFFEN v. THE CINCINNATI REALTY COMPANY ET AL.

Decided, October 18, 1913.

*Negligence—Joinder of Defendants Charged with a Joint Duty Toward Employe—To Whom the Workmens' Compensation Act Extends— Wife Can Not Recover for Services in Nursing Injured Husband —But is Entitled to Damages for Loss of Consortium.*

1. Where a petition alleges that two or more defendants were charged with a joint duty toward an employe; that they were guilty of a negligent breach of such joint duty, and they by reason of their negligence said employe was injured, they are properly joined as defendants although the negligence of one was nearer in point of time to the injury than the negligence of the other.

2. The provisions of the Workmens' Compensation Act (General Code of Ohio, Sections 1465-37, *et seq.*), do not extend to any one save the injured workman himself, or his personal representative in the event of his death.

3. A wife can not recover, from one whose negligence caused her husband's injury, for loss of wages due to the fact that she gave up her separate employment to nurse him.

4. A wife may recover damages from one whose negligence caused the injury to her husband and thus deprived her of his consortium.

*R. T. Dickerson* and *R. A. Black,* for plaintiff.

*Worthington & Strong, John L. Stettinius, Robertson & Buchwalter* and *Theo. C. Jung,* contra.

OPPENHEIMER, J.

On defendant's demurrer and motion to strike from petition.

The several defendants in this case have filed motions to strike certain allegations from the petition, and demurrers to other allegations. Various questions have been thus raised which we shall consider *seriatim.*

(1) The demurrer for misjoinder of parties defendant will be overruled. This question was similarly raised in the suit of Andrew S. Griffen against the same defendants, now pending in this court, No. 55559. We there held that as the same duty toward plaintiff devolved upon each of defendants, and as the alleged breach of duty was participated in by the several defendants, they were properly joined in the petition. We think that the same rule applies to the case at bar.

(2) Plaintiff alleges that each of the defendants "employs five or more workmen regularly in the same business, and that neither of said defendants pays into the state insurance fund," etc. Defendants move to strike this allegation from the petition. We are entirely satisfied with the opinions heretofore rendered by Judge Pugh, of this court, in the cases of *Schafer* v. *Bickford Tool Company,* 13 N.P.(N.S.), 553, and *Zoz* v. *The Lunkenheimer Company,* Court Index, May 14, 1913. It was held in those cases that allegations such as these, in suits brought under favor of the Workmen's Compensation Act, are necessary and proper. However, this suit is filed by the wife, who alleges that she suffered certain pecuniary losses by reason of the injury to her husband. The act provides that employers who employ five or more workmen regularly in the same business, who shall not pay into the state insurance fund the required premiums, shall, under certain conditions, "*be liable to their employees* for damages suffered by reason of personal injuries sustained," and "also to the personal representative of such employees where death results from such injuries" (General Code, Section 1465-60). The remedy thus afforded is not extended to any one save

the employee himself, or his personal representative in the event of his death. The act creates no new cause of action for the benefit of the wife, nor does it enlarge any old cause of action which she may have had. Therefore she can not take advantage of it, and the allegation in her petition is improper. The motion to strike out will therefore be granted.

(3) Plaintiff alleges that she nursed and cared for her husband for a period of fifteen weeks during which time she gave up her occupation as a seamstress, at which she earned $8 per week, and that by reason thereof she has been damaged in the sum of $120. Defendants move to strike this allegation from the petition, upon the ground that the element of damage is too remote.

A person who has suffered injury through the negligence of another may unquestionably recover the reasonable value of necessary nurse's hire and medical attendance (*Gries* v. *Zech,* 24 Ohio St., 330; *Connors* v. *Golding,* 53 Ohio St., 647; *Street Railway Co.* v. *Tucker,* 13 C. C., 411). A husband might even contract for the services of his wife, and recover the amount paid to her under such contract, if the amount be reasonable (General Code, Section 7999). But in the absence of a contract, such services as husband and wife may render to each other and such attention as they may bestow upon each other are presumed to arise out of the mutual "obligations of respect, fidelity and support," which in contemplation of law arise out of the marital relationship (General Code, Section 7995). For the value of these gratutious services which are presumably prompted by affection, the husband can not recover, though they are usually far more valuable than the perfunctory ministrations of paid attendants (*Bowe* v. *Bowe,* 5 C.C.[N.S.], 233). The wife's duty to render such services is correlative with the husband's primary duty to support her which is imposed upon him by statute (General Code, Section 7997). In the case at bar it appears from the pleadings that the wife was employed independently. We need not concern ourselves with the uses to which her separate earnings were put. She had a perfect right to contract for her services, and if her husband had been compelled to employ a nurse by reason of her absence at her

work, defendant could not be heard to complain because she was not performing the wifely "duty" of looking after her household and her husband. But surely defendants can not be charged with the responsibility for her choosing temporarily to terminate her separate employment so that she might nurse her injured spouse. Such result could not be reasonably anticipated as a direct result of the alleged negligence of defendants.

While we find no case in Ohio directly in point, we might refer to the analogous case of *Cincinnati Omnibus Company* v. *Kuhnell*, 9 O. D. (Reprint), 197. That suit was brought by a mother to recover, among other amounts, the loss which resulted from her having to nurse a son who was injured through defendant's negligence and not being able to earn anything outside. For a charge which permitted such recovery, the district court reversed the case.

The motion to strike this allegation from the petition must be granted.

(4) The last question arises out of plaintiff's allegation that by reason of defendants' negligence she lost her husband's consortium for the period mentioned, to her damage in the amount of $500.

Defendants contend that there is no precedent which permits the recovery by the wife for loss of consortium unless defendant's act is wilful or malicious. Counsel direct our attention particularly to cases such as *Westlake* v. *Westlake,* 34 Ohio St., 621, wherein it was held that to sustain an action by a wife for the loss of the society and companionship of her husband, plaintiff must show that the acts of the defendant which caused the alleged injury were malicious. Counsel admit that the husband may recover for the loss of his wife's consortium without showing malice or a wilful disregard of plaintiff's rights; but they insist that the same rule does not apply in cases in which the wife sues.

Now we are willing to assume that the loss of which plaintiff is now complaining is analogous to the loss which results from an alienation of her husband's affections—though perhaps not quite so permanent or attended with such acute mental distress. But it does not follow that defendants' liability is to be governed

by rules which apply to alienation cases. The wilful interference with the conjugal relationship, proceeding from an improperly regulated mind, is the very gist of an action of the latter class; while actions such as the case at bar are predicated upon a negligent act or omission of which the direct or proximate result has been the loss of certain valuable rights.

It is true that at common law a wife could not maintain an action for the loss of her husband's *consortium,* which may be defined as a composite of his "society, companionship, conjugal affection, fellowship and assistance" (*Tiffany on Persons and Domestic Relations,* page 75). This was because she had no property right in them. The explanation made by Blackstone is characteristic of the times in which it was written:

"The inferior hath no kind of property in the company, care or assistance of the superior, as the superior is held to have in those of the inferior, and therefore the inferior can suffer no loss or injury."

But there has been a gradual emancipation of married women since Blackstone's benighted day, which in Ohio, at least, has culminated in a series of statutes establishing her legal equality with her husband in everything except the right of suffrage. In all other respects she possesses the privileges and prerogatives of an unmarried woman; and though, it may sound a bit paradoxical, this includes the privilege of enjoying her husband's consortium and of complaining when she has been deprived thereof. As was said by our Supreme Court, in the recent case of *Flandermeyer* v. *Cooper,* 85 Ohio St., 327, at pages 339-340:

"There can be no reasonable contention but that the wife suffers the same injury from the loss of consortium as the husband suffers from that cause. His right is not greater than hers. Each is entitled to the society and affection of the other. The rights of both spring from the marriage contract and in the very nature of things must be mutual, and while this was always true of the marriage relation, yet there was a time in the history of our jurisprudence when the legal status of the wife was such that she could not, at common law, maintain an action of this character. Now her legal status is the same as that of

her husband. She has the same right to the control of her separate property, the same right to sue in her own name and, in a word, is in full enjoyment of every right that her husband enjoys, so that she comes clearly within the principles of the common law that allow a right of action by the husband for damages for the loss of the consortium of his wife. Either we must hold that the common law is fixed, unchangeable and immutable, that it possesses no such flexibility as will permit its ready adaptability to changing conditions of human affairs, or that when every reason and every theory for denying the wife the same rights as the husband, has entirely disappeared from our jurisprudence, that she is now equally entitled with her husband to every remedy that the common law affords, and we have no hesitation in adopting the latter view.''

We therefore conclude that the wife has exactly the same right of action as the husband in such cases; and as the husband might sue for loss of the consortium of his wife in the event of her injury, without alleging wilfulness or malice on the part of the tort-feasor, so the wife may maintain an action under the same circumstances. A contrary view would seem to necessitate a disregard of legislative intent, and a retrogression to the antiquated doctrine of Blackstone. We are not so jealous of the privileges bestowed upon husbands by the common law, nor so insensible to the spirit of the times, as to adopt such views.

It is therefore our opinion that the demurrer upon this ground should be overruled.