HOWARD v. VERDIGRIS VALLEY ELECTRIC CO-OPERATIVE, Inc.

No. 33349.   June 21, 1949.

*207 P. 2d 784.*

Harry Seaton, Milton W. Hardy, and Summers Hardy, all of Tulsa, for plaintiff in error.

Hemry & Hemry, of Oklahoma City, and Shaw & Harris, of Bartlesville, for defendant in error.

CORN, J. Presented herein is a matter of first impression in this jurisdiction, involving the question whether a wife can recover damages for accidental injuries to her husband. Although the question has been the subject of extensive litigation, the courts, with but few exceptions, are in complete agreement as to the law applicable to such situations.

Plaintiff's husband was totally and permanently disabled as the result of an accidental injury received during the course of employment with defendant. By reason of his disability plaintiff has been deprived of his assistance, support, aid and consortium, and his condition remains such that she will be required to administer to him for the remainder of his natural life.

Her amended petition alleged that his injury resulted from defendant's negligence; that she had been deprived of his support, aid, assistance and consortium; that she was capable of earning $100 per month, but because of the burden imposed upon her she has been deprived of such earnings, and also has suffered physical, mental and nervous strain from the necessary duties imposed upon her by defendant's negligence. The damages for which plaintiff sought recovery of $80,200 may be summarized as follows:

(1) Loss of support, maintenance and the benefits of one-half of her husband's earning capacity for the period of his life expectancy, amounting to $27,600.

(2) Loss of her separate earnings for the same period and amount.

(3) Loss of normal support, assistance, comfort, compensation, aid, association and consortium of her husband.

(4) Her own suffering, physical, mental and nervous strain and pain arising by reason of the continuous necessity of caring for her husband, all caused by defendant's negligence.

Defendant's demurrer to the petition was sustained upon the ground plaintiff had no right of action in her own name to recover for injuries alleged to have resulted from defendant's negligent injury of the husband.

Plaintiff contends the trial court erred in sustaining the demurrer and rendering judgment for defendant. The argument for reversal is based upon the proposition that in this state a wife has a cause of action, created by statute, for damages resulting from negligent injury of her husband by another.

Plaintiff recognizes the general rule is that no right of action exists in the wife for damages in such cases, unless such right is specifically conferred by statute. Restatement of the Law of Torts, sections 693-695; 41 C.J.S., Husband & Wife, §404; 27 Am. Jur., Husband & Wife, §§513-514. (See cases cited in footnotes.) In the last-cited text it is stated:

"Section 513. At common law a wife has no cause of action for loss of consortium of the husband, whatever the rights of her husband may be . . . Generally, a wife may maintain such a suit for any interference by an outsider with any marital duty that her husband owes her, where such interference is intentional and legally malicious, since, in such a case, there is clearly a violation of a right which she has against the world. The cases in which her right of action is most commonly sustained are those for alienation of affections of her husband and for criminal conversation, and closely akin thereto is her cause of action, sometimes recognized, for wilful acts directed against her husband and causing her loss of his consortium."

"Section 514. Whatever right a wife may have, by virtue of statutes removing her common-law disabilities to recover for loss of consortium of her husband as a result of injuries inflicted by a third person, does not extend to loss of consortium caused by a mere negligent injury inflicted upon the husband.

At least, in the absence of any statute expressly conferring it, a wife, even though able to sue and be sued as a feme sole, has no right or cause of action, as a general rule, for loss of consortium due to injuries inflicted on her husband. She has no such cause of action even under a statute preserving to her all rights of action growing out of violation of her personal rights. Her loss of consortium resulting from negligence is too remote and indirect to permit her to recover therefor, and hence, it is distinguishable from loss of consortium resulting directly from a wrongful act, as where her husband is wrongfully enticed, seduced, or forced away from her. . . ."

But, plaintiff urges that such right of action can be conferred by statute, and that applicable statutes in this state do establish such an exception. Plaintiff relies upon the following provisions of our statutes as having abrogated the common-law rule, denying a wife the right of action in such cases:

32 O.S. 1941 §3, providing that the husband must support the wife, but when unable to do so by reason of infirmity, then the wife must support him out of her separate property.

32 O.S. 1941 §15:

"Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone: Provided, that this chapter shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law. R. L. 1910, §3363."

76 O.S. 1941 §6:

"Besides the personal rights mentioned or recognized in the Political Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

76 O.S. 1941 §8:

"The rights of personal relation forbid: 1. The abduction of a husband from his wife or of a parent from his child. 2. The abduction or enticement of a wife from her husband, of a child from a parent, or from a guardian entitled to its custody, or of a servant from his master. 3. The seduction of a wife, daughter, orphan sister or servant; and, 4. An injury to a servant, which affects his liability to serve his master."

76 O.S. 1941 §9:

"Any necessary force may be used to protect from wrongful injury the person or property of one's self, or of a wife, husband, child, parent or other relative, or member of one's family, or of a ward, servant, master or guest."

We are called upon to determine whether the above-quoted provisions of our statutes provide an exception to the common-law rule, so that they may be said to now confer upon the wife a cause of action in such cases. Thus it is unnecessary to consider the many decisions from the other states which adhere to the general rule. Attention is directed to Sheard v. Oregon Elec. Ry. Co., 137 Ore. 341, 2 P. 2d 916; Giggey v. Gallagher Tran. Co., 101 Colo. 258, 72 P. 2d 1100; Dupe v. Hunsberger (Pa. 1946) 58 Dist. & C. 438; Tyler v. Brown-Service Funeral Homes Co., 250 Ala 295, 34 So. 2d 203; Helmstetler v. Duke Power Co. (1945) 224 N. C. 821, 32 S.E. 2d 611, as most recently expressive of the general rule. We also call attention to the last-cited case, wherein the North Carolina court reconsidered its earlier holding in Hipp v. E. I. DuPont de Nemours & Co. et al., 182 N.C. 9, 108 S.E. 318, 18 A.L.R. 873, and expressly held that neither the husband nor the wife can recover for the negligent injury of the other by a third party.

To sustain her argument plaintiff relies upon three decisions of this court which, it is urged, show by analogy that this court recognizes the changing philosophy of the law, and hence are indicative that the statutes above quoted have abrogated the common-law rule in this jurisdiction relative to the question herein considered. These cases are:

(1) Aderhold v. Steward, 172 Okla. 77, 46 P. 2d 346, where we held the common-law rule permitting a husband to recover for loss of services, society and companionship of the wife due to another's negligence still prevailed in this state.

(2) McPosey v. Sisters of the Sorrowful Mother, 177 Okla. 52, 57 P. 2d 617, wherein we held that interference with the statutory right and duty of burial (21 O.S. 1941 §§1157-1160) gave rise to a cause of action in which mental anguish, pain and suffering constituted proper elements of damages, although no cause of action is provided expressly by statute.

(3) Courtney v. Courtney, 184 Okla. 395, 87 P. 2d 660, holding that a wife may maintain an action to recover damages for injuries received by her from a negligent wrong inflicted by her husband, regardless of cohabitation.

Plaintiff cites and relies upon Moberg v. Scott, 38 S. D. 422, 161 N.W. 998, L.R.A. 1917D, 732, wherein that court held, under a statute the same as 76 O.S. 1941 §8, above quoted, that a married woman could recover not only for injury in any form to her person or property, but from damages flowing from a wrong suffered from a violation of her personal rights, regardless of what the early common law was. Therein that court said:

"Where the disabilities of coverture are removed and the statute gives every person a right to damages for detriment suffered from the unlawful act of another, a woman may, under the statute and at common law, recover damages for loss of consortium and support through the unlawful sale of opium to her husband."

Also cited are: Pratt v. Daly, 55 Ariz. 535, 104 P. 2d 147; Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266; Swanson v. Ball, 1940, 67 S.D. 161, 290 N.W. 482, and Holstrom v. Wall, 1936, 64 S.D. 467, 268 N.W. 423. These cases, together with the dissenting opinion in Bernhardt v. Perry, 276 Mo. 612, 208 S. W. 462, 13 A.L.R. 1320; Id., 254 U.S. 662, 41 S. Ct. 63, 65 L. Ed. 464, provide the basis for plaintiff's argument that, in view of our own statute, the common-law rule should no longer prevail in this state.

Reading of the above-cited cases reveals that in the Pratt case willful intoxication of the husband was the issue; the Scotvold case allowed the wife to recover for negligent injury while a guest in the husband's automobile, as was the case in Courtney v. Courtney, supra; the Swanson case involved the sale of intoxicants to plaintiff's husband; the Holstrom case was an action to recover for alienation of affections, as is specifically permitted by statute in this state; the Daly case allowed the wife recovery for loss of consortium where the husband was a drunkard and defendant sold him intoxicants.

Bernhardt v. Perry, supra, was decided by the Missouri court in 1918, but much later than Clark v. Hill, 69 Mo. App. 541, also cited by plaintiff as establishing the wife's right of action. Plaintiff has quoted at length from the dissenting opinion in the Bernhardt case, but it is to be noted that, despite the reasoning of the dissenting opinion, the rule announced in the majority opinion has been followed consistently in that state, and has been cited with approval in Giggey v. Gallagher Transp. Co., supra; Cravens v. L. & N. Ry. Co., 195 Ky. 257, 242 S.W. 628; Nash v. Mobile & O. Ry. Co., 149 Miss. 823, 116 So. 100, 59 A.L.R. 676; Sheard v. Oregon Elec. Co., supra; Boden v. Del-

Mar Garage, Inc., 205 Ind. 59, 185 N. E. 860.

It is generally held that a wife can recover damages arising out of an intentional wrong done to the husband, or from a direct attack upon the marriage relationship. But, there is no authority for plaintiff's argument that a wife can recover damages arising out of injuries to her husband occasioned by a third party's negligence. The multitude of decisions wherein this question has been considered precludes citation and discussion. The underlying principle to be noted in all the cases is that whatever additional rights may have been extended to women generally under the so-called emancipation statutes, or married women's Acts, such statutes do not confer a new right upon the wife which permits recovery for loss allegedly resulting from negligent injuries to her husband, since no new cause of action was created thereby.

Statutory emancipation of married women, which gave the wife equal rights with her husband, nowhere is held to give rise to such a cause of action as is herein sought to be asserted. We decline to establish a contrary rule based solely upon analogy, and thus open an entirely new field of litigation. We are not concerned with the wisdom of any legislation which might do this specifically, but we decline to do by analogy that which is not permitted by direct enactment.

Judgment affirmed.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.