NELSON v. A. M. LOCKETT & CO., Ltd., et al.

No. 34890.   April 23, 1952.

*243 P. 2d 719.*

W. E. Green, J. C. Farmer, Robert J. Woolsey, Otho Flippo, and Jack B. Bailey, Tulsa, for plaintiff in error.

Hudson, Hudson & Wheaton, Tulsa, for defendants in error.

PER CURIAM.   This action was brought by Mrs. Isabelle Nelson, plaintiff, against the defendants, A. M. Lockett & Company, Ltd., and The Babcock & Wilcox Company, both corporations, to recover damages for loss of consortium suffered by her due to an injury received by her husband while working for the defendants. The husband applied for and received workman's compensation for his injuries. The trial court sustained the general demurrer of defendants to plaintiff's petition, and when she elected to stand thereon dismissed the action. Plaintiff appeals.

Plaintiff alleges that on June 16, 1949, her husband, S. A. Nelson, was employed by A. M. Lockett & Company, engaged in construction work, and was working on a preheater, which was being erected by the defendants at Weleetka, Oklahoma; that the work was under the general supervision and control of The Babcock & Wilcox Company, which under its contract with Lockett & Company was to be responsible for safety measures for the protection of employees working on the project.

Plaintiff further alleges that her husband, at the time of his injury, was standing on a flue sheet, 20 feet in the air, and then alleges as follows:

"Plaintiff alleges that while her said husband was working on the platform formed by the flue sheet, that on the ends of the flue sheet there were tube sheets which were loose and made of flexible steel and that they were permitted to remain in such a condition of flexibility that unless the sheets were welded and securely fastened, said sheets would act like the tail gate of a truck or the hinge of a door and would swing and drop downward. Plaintiff alleges that such sheets were manufactured by the defendant, The Babcock & Wilcox Company and that The Babcock & Wilcox Company knew that in the installation of such sheets and in the erection of the heater that workmen would have to stand upon said sheets and that they were manufactured in a negligent manner, and of inferior steel that would bend, and that they were wired with wire and not welded, so that a man standing upon such sheets working twenty (20) feet or more above the ground, would be working upon a trap door, and that the installation was a death trap; Plaintiff alleges further that while her husband was standing on the tube sheet on the end he asked one, Peters, an agent, servant and em-

ployee of the defendants, whether such sheet was safe and was informed several times that it was, when in truth and in fact it was unsafe, and, while plaintiff's husband was standing upon that part of the flue sheet which was on one end of the installation and while he was performing his duties, the sheet gave way, as a trap door, and dropped because same was carelessly and negligently and insecurely fastened with small wire instead of being welded as was proper, and caused the plaintiff's husband to fall and receive serious and permanent injuries and damaging the plaintiff, as will be more fully set out hereinafter."

The plaintiff further alleges that the defendants were negligent in failing to have the sheet securely welded and fastened at the time when the weight of persons working on the metal platform was placed upon the tube sheet and that they were negligent in having same manufactured out of thin steel which would bend when the weight of persons was placed upon it, and that the foreman, Peters, was incompetent and an habitual drunkard to the knowledge of the defendant, Lockett & Company. It then alleges the injuries received by her husband; that prior to the accident he contributed to the support of the household and was a loving, affectionate, companionable and dutiful husband and supported plaintiff and was constantly in her society, assisting her in the operation of the household and performed all of the conjugal duties, including normal sexual relations with the plaintiff, of all of which she has been deprived by his injuries, to her damage in the sum of $3,000. She alleges that the acts of the defendants amounted to gross negligence and carelessness and willful and wanton negligence of such a degree that it manifested evil intent.

In Howard v. Verdigris Valley Electric Co-Operative, Inc., 201 Okla. 504, 207 P. 2d 784, we said:

"The statutes of this state do not give a cause of action to a wife to recover compensation in damages for loss sustained by her on account of personal injuries to her husband, occasioned by the negligence of a third party."

In that case we called attention to the general rule that no right of action existed in the wife for damages in such cases unless specifically conferred by statute, there being no such action at common law. Our decision in that case is supported by the great weight of authority, the opinion citing and analyzing numerous cases.

Plaintiff admits that the holding in the Verdigris case is adverse to her, but seizes upon the statement in that case that the wife would have a cause of action for an intentional wrong done to the husband or a direct attack upon the marital relationship, and contends that under authority of Barall Food Stores, Inc., v. Bennett, 194 Okla. 508, 153 P. 2d 106, and Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302, the negligence of the defendants was wanton and willful and as such could be classed with intentional wrong.

We are unable to agree with this contention. The two cases above referred to were cases in which trespassing children were injured, and we held that the negligence shown by the evidence in those cases was such as to constitute the injuries to the minors willful and wanton, thus making the defendants liable therefor, although the children were trespassing. We think the allegations in the petition in the instant case simply charge the defendants with a failure to provide plaintiff's husband with a safe place to work. Certainly they are far from charging an intentional injury to him. If the acts set forth in the petition were such as to constitute an intentional injury, for which plaintiff would have a right of action, the failure of the employer to furnish a safe place to work or safe tools and appliances to an injured employee could in almost every instance be charged as intentional, since the failure in nearly all cases would arise because of the use of defective materials or appliances, or the failure to make them absolutely safe.

Plaintiff also calls attention to the recent decision of the United States Court of Appeals for the District of Columbia in Hitaffer v. Argonne Co., 183 F. 2d 811, and a short article in Vol. 4 of the Oklahoma Law Review, which is evidently based largely upon the Hitaffer case. We have carefully read both the decision and the article. In the decision the court admits that the authorities are unanimous in denying the wife recovery under circumstances similar to those in the instant case, but asserts that those decisions, or the reasons upon which they are based, are wrong and that the wife is entitled to recover. It also holds that although the Workmen's Compensation Act involved provides that the liability of an employer shall be exclusive and in place of all other liability to the injured employee, his legal representative, husband or wife, parent, dependents, next of kin and anyone otherwise entitled to recover damages on account of the injury to the employee, it did not prohibit the action by the wife. We think neither the reasoning nor the few authorities cited support the conclusion reached in that case, and we re-affirm the rule announced in Howard v. Verdigris Valley Electric Co-Operative, supra.

Affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.