No. 16,933.

FRANZEN *v.* ZIMMERMAN.
(256 P. [2d] 897)

Decided April 20, 1953.

Mr. BENJAMIN E. SWEET, for plaintiff in error.

Messrs. JANUARY & YEGGE, MARGARET R. BATES, for defendant in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the court.

The parties appear here in the same order as in the trial court, where, on defendant's motion, judgment of dismissal was entered against plaintiff.

Plaintiff alleges in her complaint that defendant, on or about December 5, 1947, so negligently operated a motor vehicle as to injure plaintiff's husband resulting in his permanent disability, and eventual death on June 4, 1949, and that, because of the said negligence of defendant, plaintiff was deprived of the society, companionship, services and support of her husband to her damage.

Plaintiff specifies four points of alleged error, numbers one and four being general specifications only. Her counsel frankly, and commendably, states in his brief, that the two questions presented for review are: (1) Does the complaint state a cause of action for death of plaintiff's husband; and (2) Does the complaint state a cause of action for loss of consortium? These are covered by specifications numbers two and three.

As historical background of the present action, plaintiff's husband, as plaintiff, first instituted action against the defendant herein, trial of which was had in January, 1949, resulting in judgment in favor of plaintiff. That cause was brought to this court for review by writ of error, and while pending, plaintiff therein died June 4, 1949, and his wife, as administratrix of his estate, was substituted therein. Because of error in instructions, the judgment of the trial court in that case was reversed by our court on May 8, 1950, and rehearing denied June 26, 1950. *Zimmerman v. Franzen,* 121 Colo. 574, 220 P. (2d) 344. The present action was filed in the district court on July 28, 1950.

■ (1) Does the complaint state a cause of action for damages for the death of plaintiff's husband? The applicable statute is section 2, chapter 50, '35 C.S.A. The complaint herein was not filed until July 28, 1950. On

its face it shows the date of the commission of the alleged tort to have been December 5, 1947. The action not having been filed within two years after the commission of the alleged negligence, said to have resulted in the death of the injured husband, it is barred by section 4, chapter 50, '35 C.S.A., which reads as follows: "All actions provided for by the three preceding sections shall be brought within·two years from the commission of the alleged negligence resulting in the death for which suit is brought."

█ (2) Does the complaint state a cause of action for damages for loss of consortium? It is conceded that at common law a wife could not maintain an action in damages for loss of consortium, but it is seriously urged that in modern times, and since the passage of the so-called married women's Acts, by virtue of which married women have been accorded many rights which they did not have under the common law and relieved of various disabilities imposed upon them thereby, there is no remaining logical reason why such an action might not now be maintained by a wife or widow. In addition to articles appearing in legal publications to this effect, there is called to our attention two rather recent decisions so holding. *Hitaffer v. Argonne Co.*, 183 F. (2d) 811, from the United States Court of Appeals of the District of Columbia; and *Passalacqua v. Draper*, 104 N. Y. S. (2d) 973.

While it is true that because of the married women's Acts, married women may successfully maintain actions for interference with their rights to consortium which arise from intentional, malicious or direct action by an outsider, nevertheless, the prevailing opinion and great weight of authority denies such an action to a married woman for indirect, remote or consequential loss. This denial of right of action in such instances, it is true, is based upon different theories and methods of reasoning, but primarily upon the ground that as no such right existed in favor of married women under the common

law, it now may not be successfully claimed by them in the absence of legislative grant.

The question presented might be one of considerable difficulty were it not for the fact that our court already has spoken. In the case of *Giggey v. Gallagher Transportation Co.*, 101 Colo. 258, 73 P. (2d) 1100, the wife, plaintiff below, brought action to recover damages for alleged loss of society and consortium, and the question was squarely presented. In that case we said: "We find no authority supporting plaintiff's right to recover for the loss of consortium alone occasioned by the negligent acts of third persons, and there is legion of text and decided cases squarely holding that she has no such right. We feel it unnecessary to enter into any extended discussion of the question believing that it is sufficiently answered by a citation of the following authorities [citing cases]."

Plaintiff refers to the Giggey case as "dictum," and suggests that it be disregarded. In this we cannot agree, for unless that case be overruled, this case cannot be reversed. We note that the writer of the opinion in the Hitaffer case, supra (footnote 5), refers to the Giggey case as being one of the numerous instances where the authorities are against his views.

Many citations might be added to those given in the Giggey case, but we confine ourselves to two, which we add only because of the interesting discussion therein of the question involved. *Sheard v. Oregon Electric Railway Co.*, 137 Ore. 341, 2 P. (2d) 916; *Howard v. Verdigris Valley Electric Cooperative, Inc.*, 201 Okla. 504, 207 P. (2d) 784.

The judgment of the trial court is affirmed.