387 P.2d 321

**Sarah ROSEBERRY, Plaintiff-Appellant,**

**v.**

**W. A. STARKOVICH, Defendant-Appellee.**

**No. 7272.**

Supreme Court of New Mexico.

Nov. 25, 1963.

Dolan & Clear, Warren F. Reynolds, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellee.

MOISE, Justice.

May a married woman recover damages for her loss of consortium resulting from the negligent injury to her husband by another?

In order that the meaning of the term "consortium" be understood, and because there has been a great deal of misunderstanding concerning it, we state the definition given in Black's Law Dictionary (4th Ed.):

> "Conjugal fellowship of husband and wife, and the right of each to the company, co-operation, affection and aid of the other in every conjugal relation."

At the outset we would point out that the question is one of first impression in New Mexico. In Birchfield v. Birchfield, 29 N.M. 19, 217 P. 616, we recognized the right in a wife to sue for damages suffered through the intentional alienation of a husband's affections in the following language:

"The loss of the society, companionship, fellowship, comfort, conjugal affections and support of the husband, when caused by any third person maliciously invading the hallowed precincts of the home, and without justification severing the ties which bind the husband and wife together, from which a separation flows, is tortious, and the person who does so may be required to respond in damages. * * "

This case was shortly followed by Murray v. Murray, 30 N.M. 557, 240 P. 303, where a judgment in favor of a wife whose husband's affections had been intentionally alienated was affirmed. In this latter case we find the following:

"Consortium means much more than the mere sexual relation, and consists also in that affection, companionship, conjugal love, fellowship, and assistance so necessary to a successful marriage relation."

In the instant case, it is alleged by the plaintiff wife that while the husband was employed by Phillips Petroleum Company as a uranium miner, and because of the negligence of defendant, a fellow-employee, the mine safety director, in allowing husband to enter the mine, husband was crushed beneath a large slab of rock so as to be rendered totally and permanently disabled, "and by reason of paralysis, resulting from his injuries, he has become and will remain incapable of performing any of the functions of husband to the plaintiff."

The trial court sustained a motion to dismiss, holding that in New Mexico "the wife has no cause of action for the loss of her husband's consortium."

In a previous case, Roseberry v. Phillips Petroleum Co., 70 N.M. 19, 369 P.2d 403, we held that the wife was barred by the provisions of our Workmen's Compensation Act from recovering from the employer for its alleged negligence, but that the Act provided no bar to an action for negligence against a fellow-employee of the husband. Because the question of the right to recover for loss of consortium by the wife was not presented to and passed on by the court below, we refused to express an opinion on the problem. After remand, the issue was directly passed upon, and we now have the problem squarely presented.

■ Whereas, we know that in the case of intentional or malicious injury to the wife's consortium, she may recover damages, Birchfield v. Birchfield, supra; Murray v. Murray, supra, where the injury is the result of negligence, a different and difficult question is presented.

Prior to 1950, and the decision of the United States Court of Appeals of the District of Columbia in Hitaffer v. Argonne Company, Inc., 87 App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, except for a short period in which recovery for loss or injury

to consortium through negligence was rec- ognized in North Carolina, Hipp v. E. I. Dupont de Nemours & Co., 182 N.C. 9, 108 S.E. 318, 18 A.L.R. 873, overruled in Hinnant v. Tidewater Power Co., 189 N.C. 120, 126 S.E. 307, 37 A.L.R. 889, and in Ohio, Griffen v. Cincinnati Realty Co., 27 Ohio Dec. 585, overruled in Smith v. Nicholas Bldg. Co., 93 Ohio St. 101, 112 N.E. 204, L.R.A.1916E, 700, the courts uniformly denied such a right in the wife. 23 A.L.R. 2d 1378, 1380. This was the rule at common law, and resulted largely from the common law concept that the wife was inferior to the husband, and her identity was merged into that of the husband. She could not sue in her own name. However, the husband being the superior party in the eyes of the law and entitled to the services of his wife, the courts generally recognized a right in him to recover for loss of her consortium when negligent injury to the wife had such result. This conclusion was explained by Blackstone in Vol. 3, Lewis's Edition, of his Commentaries, at page 1139, as follows:

"We may observe that in these relative injuries, notice is only taken of the wrong done to the superior of the parties related, by the breach and dissolution of either the relation itself, or at least the advantages accruing therefrom; while the loss of the inferior by such injuries is totally unregarded. One reason for which may be this: that the inferior hath no kind of property in the company, care, or assistance of the superior, as the superior is held to have in those of the inferior; and therefore the inferior can suffer no loss or injury. The wife cannot recover damages for beating her husband, for she hath no separate interest in any thing during her coverture. * * *"

See also Prosser on Torts (2d Ed.) 703, 704, § 104; 22 Mich.L.R. 1; 26 Harv.L.R. 74, for other reasons which have been advanced.

Dean Prosser and the writers of law review articles have been generally critical of the rule which in our enlightened era has preserved a right in a husband to recover for loss of consortium with his wife because of negligence, while at the same time denying recovery to the wife for the loss of consortium with her husband resulting from negligence. See Prosser on Torts (2nd Ed.) § 104; 22 Mich.L.R. 1; 26 Harv.L.R. 74; 29 Ill.L.R. 460; 30 Colum.L.R. 651; 35 Ky.L.R. 220; 9 Ind.L.J. 182; 5 Cornell L.Q. 171; 39 Mich.L.R. 820; 39 Cornell L.Q. 761; 23 Cincinnati L.R. 108; 4 St. Louis U.L.J. 424.

Since Hitaffer v. Argonne Co., supra, a number of courts have broken away from the ranks of those denying recovery and have held the wife's right to be one cognizable by law. Brown v. Georgia-Tennessee Coaches, 88 Ga.App. 519, 77 S.E.2d 24;

Cooney v. Moomaw (D.Neb.1953) 109 F. Supp. 448; Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480; Missouri Pacific Transportation Co. v. Miller, 227 Ark. 351, 299 S.W.2d 41; Hoekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669; Montgomery v. Stephan, 359 Mich. 33, 101 N.W.2d 227; Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184; Duffy v. Lipsman-Fulkerson & Co. (D.Mont.1961) 200 F. Supp. 71; Yonner v. Adams, 3 Storey 229, 53 Del. 229, 167 A.2d 717; Novak v. Kansas City Transit, Inc. (Mo.1963) 365 S.W. 2d 539. See also Burk v. Anderson, 232 Ind. 77, 109 N.E.2d 407, and Mariani v. Nanni (R.I.1962) 185 A.2d 119, indicating approval of the rule.

Notwithstanding adherence to the rule as announced in Hitaffer v. Argonne Co., supra, by the very respectable group of courts cited above, a still larger number during the same period have refused to follow that case. Smith v. United Construction Workers, 271 Ala. 42, 122 So.2d 153; Jeune v. Del E. Webb Construction Co., 77 Ariz. 226, 269 P.2d 723; Deshotel v. Atchison, T. & S. F. Ry. Co., 50 Cal.2d 664, 328 P.2d 449; La Eace v. Cincinnati, Newport and Covington Ry., (Ky.1952) 249 S.W.2d 534; Franzen v. Zimmerman, 127 Colo. 381, 256 P.2d 897; Lockwood v. Wilson H. Lee Co., 144 Conn. 155, 128 A.2d 330; Ripley v. Ewell (Fla.1952) 61 So.2d 420; Coastal Tank Lines v. Canoles, 207 Md. 37, 113 A.2d 82; Simpson v. Poindexter, 241 Miss. 854, 133 So.2d 286, 134 So.2d 445; Snodgrass v. Cherry-Burrell Corp., 103 N.H. 56, 164 A.2d 579; Larocca v. American Chain & Cable Co., 23 N.J. Super. 195, 92 A.2d 811, affd. 13 N.J. 1, 97 A.2d 680; Don v. Benjamin M. Knapp, 306 N.Y. 675, 117 N.E.2d 128; Nelson v. A.M. Lockett & Co., 206 Okl. 334, 243 P.2d 719; Neuberg v. Bobowicz, 401 Pa. 146, 162 A.2d 662; Garrett v. Reno Oil Co. (Tex. Civ.App.1954) 271 S.W.2d 764; Ash v. S. S. Mullen, Inc., 43 Wash.2d 345, 261 P.2d 118; Nickel v. Hardware Mutual Cas. Co., 269 Wis. 647, 70 N.W.2d 205; Kronenbitter v. Washburn Wire Co., 4 N.Y.2d 524, 176 N.Y.S.2d 354, 151 N.E.2d 898.

It is readily apparent that the majority adhere to the rule denying the wife a recovery. A variety of reasons are advanced for doing so. However, none deny the logic of the writers to the effect that in our present day society in which the wife is an equal partner with the husband, and neither a servant nor a chattel, no discernible reason exists for allowing the husband recovery while persisting in denying relief to the wife. Some courts have met the problem by denying recovery to the wife, while suggesting that the basis for allowing recovery to the husband is outworn, and a preferable solution would be to deny it to both, rather than to extend the right to the wife. See Kronenbitter v. Washburn Wire Company, supra; Neuberg v. Bobowicz, supra.

■ We enter upon a consideration of the problem and its proper solution unhampered by prior binding decisions of this court. So far as we have discovered, we have never been called upon to consider the right of either the husband or wife to recover for negligent injury to or loss of consortium. We do not overlook Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149, and Hebenstreit v. Atchison, Topeka & Santa Fe Railway Co., 65 N.M. 301, 336 P.2d 1057. We perceive of nothing which should interfere with a completely objective and logical consideration of the problem in the light of today's concepts.

We have already referred to the cases which upheld the right of a wife to sue for alienation of affections. Birchfield v. Birchfield, supra, and Murray v. Murray, supra. Appellant argues that if an intentional interference with consortium is actionable, why should not a negligent injury be equally cognizable at law? The best answer to the question is that while the one is a direct injury to consortium, a relationship entitled to protection under the law, the other is purely a coincidental result occurring without purpose or intent of the tortfeasor. For other reasons see 23 A.L.R.2d 1378, 1391–1397. Most states, while allowing recovery by a wife for intentional interference with consortium, have no difficulty denying a recovery for negligent injury thereto. See cases cited in note, 23 A.L.R.2d 1378, 1389.

In Romero v. Romero, 58 N.M. 201, 269 P.2d 748, we held that a wife injured through the negligence of her husband could not maintain an action against the husband. It was there stated that § 21–6–6, N.M.S.A.1953, which provides that "A married woman shall sue and be sued as if she were unmarried" merely removed the previously existing disability to bring suit without her husband joining, but did not create any new rights.

In Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826, 35 A.L.R.2d 1190, it was held that a married woman could bring suit for injuries to her person without joining her husband, and further that any recovery would be her separate property.

Since the nature of the recovery becomes material, we would call attention to the following, quoted in Soto v. Vandeventer, supra, from de Funiak, Principles of Community Property, § 82:

"* * * The physical injury to the spouse, the pain and suffering of the spouse therefrom is an injury to the spouse as an individual. If the spouse also suffers monetary loss to separate property or from inability to pursue allowable separate projects, that also is a loss to the spouse separately and as an individual. But on the other hand, if the injury deprives the marital community of the earnings or services of the spouse, that is an injury to the

marital community; likewise there is loss to the community where the community funds are expended for hospital and medical expenses, etc. Since the husband is usually the breadwinner, contributing definite earnings, the loss to the marital community resulting from an injury to him is more obvious and more easily calculable in monetary figures. Therefore, there is usually little question that an injury depriving the community wholly or partly of his earnings is an injury to the community. If the wife is contributing earnings to the marital community, any injury interrupting or lowering these earnings is equally, as in the case of the husband, an injury to the community, and a cause of action for such injury is property of the community. This has been recognized even in a state where the statute makes damages resulting from personal injury to the wife the separate property of the wife. Even if the wife is not contributing earnings to the marital community, her services are a definite asset of the marital community, and the community, if wholly or partly deprived of them, suffers a loss which should render the right of action and the compensation therefor the property of the community. It is not alone the question of hospital and medical bills involved, although these are definitely a drain on the community property; it may be necessary to employ someone to keep house, to look after the children, the expenses for which definitely tend to indicate the value of the wife's services to the marital community and the loss thereto by deprivation of her services."

We also think the following quoted from that case is pertinent:

"The cause of action for the damages to the community for medical expenses, loss of services to the community, as well as loss of earnings, if any, of the wife still belongs to the community, and the husband as its head is the proper party to bring such an action against one who wrongfully injures the wife."

Our purpose in copying the quotation is to demonstrate from the language used, both de Funiak and this court considered that no additional element of damages proceeded to the other member of the community not directly injured, and for which a recovery might be had.

As further support for this position, we add the following additional quotation from de Funiak, Principles of Community Property 231, § 82:

"The courts which declare that the injury to one spouse gives the other spouse a right of action for loss of consortium and that the right of action

is an individual property right belonging to the latter spouse, are being governed entirely by common law considerations. In the old common law the wife being virtually the property of the husband, her society and services were valuable property rights of his for which he was entitled to recover compensation when they were lost to him through injury to the wife. Such a view, even the liberalized version of it at the present day, has no application to a system such as the community property system where the spouses are united in a conjugal partnership in the gains and earnings during marriage so that the services and labors of each are assets of the conjugal partnership itself and where the injury to one of the spouses depriving the conjugal partnership of the loss of that spouse's services is a loss to the conjugal partnership."

While in no sense intending to detract from the reasoning in Hitaffer v. Argonne Co., supra, the cases following it, and the eminent law writers agreeing with it, we are impressed with the following which is quoted from an article by Professor Jaffe of Harvard Law School, in 18 Law and Contemporary Problems, 219, 228:

"The recent case of Hitaffer v. Argonne Co. is another instance where decision is made to turn on a series of fashionable propositions quite divorced from their function in the current scene. There the court held that a wife could recover from her husband's employer for a negligent injury to the husband which disabled him from sexual intercourse. It has been the law that the husband can recover for the loss of 'consortium,' though usually as an element of loss of service. It has also been the law that both can recover for intentional interference. These propositions being so the court could see no reason for denying the wife recovery in a case of negligence. It pointed to the fact that women have been emancipated. It ridiculed the reasons given for the distinction, e. g., that the injury to the wife is indirect; that the husband's suit is based primarily on the loss of service whereas the wife does not have such an action. It expatiated on the 'modern concepts of the marital relations.' The wife *is* permitted to recover for a willful interference. If the loss of consortium is protected against willful interference it 'must be predicated on a legally protected interest.' And if it is 'legally protected' it must equally be protected against negligent interference. To distinguish is 'neither legal nor logical.' But the law, of course, often distinguishes between willful and negligent interference as in the cases of emotional distress. An interest is protected only in so far as it serves a

social purpose to protect it. When the act is willful the law may award damages for penal purposes. But more basically the law quite properly recognizes that a willful assault on the personality inflicts a far more serious blow. It is almost unthinkable that a court should reduce consortium to the bare element of the opportunity for sexual intercourse and pretend to see no basic difference of offense to the wife's interest between the incidental loss of that opportunity and the deliberate destruction of the whole marital relationship.

"More persuasive is the argument that since the husband has an action, so should the wife. But his action is a fossil from an earlier era. It is one of a group of archaic actions based on the notion that the paterfamilias was alone competent to sue for losses suffered by the family unit. The husband was entitled to his wife's service and this included the sentimental elements of her person and presence. The law did not seek to set a value on consortium as such. When to the husband's action, there is now added the wife's action for negligent injuries (which being emancipated she is entitled to bring) there is a danger of duplicating elements of damage. Ingenious efforts must be made to disentangle from the wife's recovery the constituents of the husband's cause of action. Indeed, the emancipation argues for the restriction or abolition of these actions rather than their extension. * * *"

When the foregoing logic and reasoning, which we find most convincing, is considered along with the uncertain and indefinite nature of a wife's claim for negligent interference with her right of consortium; the nature of the recovery as discussed above; the possibilities opened for double recovery if the right is recognized; the fact that the legislature has not seen fit to speak on the subject; and the great weight of authority developed since 1950, we must conclude that the trial court was correct in dismissing the action.

For the reasons stated herein the judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.