**Wynona KARRIMAN, Plaintiff in Error,**

v.

**The ORTHOPEDIC CLINIC et al.,
Defendants in Error.**

**No. 42960.**

Supreme Court of Oklahoma.

June 29, 1971.

Rehearing Denied Sept. 28, 1971.

Paul W. Brightmire, Tulsa, for plaintiff in error.

Lawrence A. Johnson, of Farmer, Woolsey, Flippo & Bailey, Tulsa, for defendants in error.

DAVISON, Vice Chief Justice.

Plaintiff's husband was alleged to be permanently disabled as a result of an operation negligently performed by defendant Dr. John E. McDonald, a partner in the defendant Clinic, and the defendant Dr. James C. Mayoza, an associate of the Clinic. Plaintiff's petition alleges negligence on the part of the two doctors both during the operation and during the post operative period.

Plaintiff further alleges that the negligent acts and omissions on the part of said defendants have caused her husband to be permanently damaged by loss of health, earning capacity, the deprivation of his rights to enjoy normal active life of marriage and that by reason of such negligence her husband is impotent and that she has lost the consortium of her husband by reason thereof. The husband has filed a separate suit against the defendants for his injuries.

The parties will be referred to as they appeared in the trial court.

The trial court sustained the general demurrer of the defendants in its finding that the petition fails to state a cause of action under the laws of the State of Oklahoma, for the reason that a wife cannot recover for the loss of consortium. The

trial court dismissed plaintiff's petition, thus resulting in this appeal.

For reversal plaintiff states in her brief as follows:

"The sole issue in this appeal is one of law and involves a reconsideration of this court's 1952 holding in Nelson v. A. M. Lockett & Co., [206] Okl. [334], 243 P.2d 719. In that case, the court declined to allow a wife to recover for losses she sustained as a result of injury to her husband. We are asking the court to overrule this decision in the interest of justice and fair play and to bring our law in line with the modern trend of decisions."

Plaintiff relies on the case of Hitaffer v. Argonne Company, Inc., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366 (1950), cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624, and some other cases following Hitaffer holding that the wife may maintain an action for loss of consortium against a tort feasor who negligently caused an injury to her husband.

■ It will be noted that the majority of the courts which have been called upon to pass on the question since Hitaffer was adopted in 1950 have refused to follow the views set forth in that opinion. See 23 A. L.R.2d Later Case Service, 1378–1397 at pages 740–741. The common law is followed in Oklahoma in the absence of statutory provisions. Title 12 O.S.1961, § 2.

■ The question presented might be more difficult for decision were it not for the fact that this court has already spoken in two cases, one of which was decided after Hitaffer, in which we refused to follow the opinion in that case. The case of Howard v. Verdigris Valley Electric Cooperative, Inc., 201 Okl. 504, 207 P.2d 784. The syllabus by the court stated:

"The statutes of this state do not give a cause of action to a wife to recover compensation in damages for loss sustained by her on account of personal injuries to her husband, occasioned by negligence of a third party."

Our opinion in the case of Nelson v. A. M. Lockett & Co., 206 Okl. 334, 243 P.2d 721 (1952), supra, after discussing Hitaffer, closed the opinion with the following statement:

"We think neither the reasoning nor the few authorities cited support the conclusion reached in the case, and we reaffirm the rule announced in Howard v. Verdigris Valley Electric Co-Op., supra."

A number of our closer sister states have refused to follow Hitaffer and still follow the rule that the wife cannot recover for loss of consortium occasioned by defendant's negligent acts. The reason given in most of the cases is that the courts are reluctant to extend the common law rule and feel that the legislature rather than the courts can better deal with the problem. See Jeune v. Del E. Webb Const. Co., 77 Ariz. 226, 269 P.2d 723 (1954); Roseberry v. Starkovich, 73 N.M. 211, 387 P.2d 321 (1963); La Eace v. Cincinnati, New Port & Covington Ry. Co., Inc., Ky., 249 S.W.2d 534 (1952); Hoffman v. Dautel, 192 Kan. 406, 388 P.2d 615 (1964); Franzen v. Zimmerman, 127 Colo. 381, 256 P.2d 897 (1953); Rush v. Great American Insurance Company, 213 Tenn. 506, 376 S.W.2d 454 (1964).

It should be observed that the life of a husband and father is closely linked with the lives of those members of his family, and a severe injury to him also constitutes an indirect injury to them. If the common law of this state is extended to afford the wife a cause of action, then perhaps we would be called upon to extend a cause of action to the individual children who would also suffer a loss, in different degrees, by reason of the negligent injury to their father.

We feel that we should follow Oklahoma precedent and are of the view that if the present policy in dealing with the problem before us is to be changed it should be done by the legislature, as representatives of the people, and not by this court. The legislature, if it found the law should be changed, could define the extent of liabili-

ty, designate who maintains the action, provide safeguards against the danger of double recovery, such as a requirement that the wife be joined in the claim of or an action by the husband. The legislature could also provide methods for avoiding multiplicity of suits, rather than trials on a piecemeal basis.

Judgment affirmed.

BERRY, C. J., and WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.

JACKSON, J., concurs specially.

HODGES, LAVENDER and McINERNEY, JJ., dissent.

JACKSON, Justice (concurring specially).

Our holdings in Fiedler v. Fiedler, 42 Okl. 124, 140 P. 1022, and Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660, are distinguishable from the facts in the present case.

In *Fiedler* the former wife was permitted to maintain an action against her former husband for malicious injuries intentionally inflicted upon her by him during coverture.

In *Courtney* the wife was permitted to maintain an action against her husband for injuries negligently inflicted upon her by her husband.

In both the cited cases the injuries were directly inflicted upon the wife by the wrongdoer. In the present case the injuries were not directly inflicted upon her, and her cause of action, if any, is for consequential damages resulting from personal injuries sustained by her husband.

The Legislature has given a surviving wife a cause of action for consequential damages for the death of her husband, caused by the wrongful act of another. 12 O.S.1961, Sec. 1053. We are asked to legislatively extend that statute so that a wife may recover consequential damages sustained by her because of personal injuries inflicted upon her husband by the negli-

gence of another. If we expand that statute to give her relief in this case then we have the power to expand it so that all other persons who have suffered a pecuniary loss will have a cause of action. It could be argued that this result is consistent with Art. 2, Sec. 6, Okla.Constitution, which provides that there shall be a remedy afforded "for every wrong and for every injury."

Before we move into the legislative field to provide a remedy for every wrong and every injury we should be aware that Art, 5, Sec. 1, Oklahoma Constitution vests the Legislative authority of this State in the Legislature. We should also be aware that Art. 4, Sec. 1, Oklahoma Constitution, tells, this court not to exercise powers properly belonging to another department of government.

When our jurisdiction is properly invoked it is the prerogative of this court to determine when one department of government is improperly exercising powers belonging to another. Since this responsibility is ours we should be most careful not to infringe upon the powers constitutionally given to another department of government.

LAVENDER, Justice (dissenting):

I would hold that because of Section 6 of Article 2 of the Oklahoma Constitution and 23 O.S.1961 § 3; 25 O.S.1961 § 29; and 32 O.S.1961 § 15 it was unnecessary for our legislature to expressly authorize a wife to sue a third person for negligently injuring her husband. I would, of course, overrule our previous decisions of Howard v. Verdigris Valley Electric Cooperative, Inc. (1949), 201 Okl. 504, 207 P.2d 784 and Nelson v. A. M. Lockett & Company, Ltd., et al. (1952), 206 Okl. 334, 243 P.2d 719 because these decisions would then be in conflict with the view that a wife has such a right of action in Oklahoma.

This court has heretofore held that it is not arbitrarily required, by the doctrine of stare decisis, to follow prior decisions when to do so will perpetuate manifest er-

ror. Oklahoma County v. Queen City Lodge No. 197, I.O.O.F. (1945), 195 Okl. 131, 156 P.2d 340.

In my view this court's previous opinions of Courtney v. Courtney (1938), 184 Okl. 395, 87 P.2d 660 and Fiedler v. Fiedler (1914), 42 Okl. 124, 140 P. 1022 are pertinent. See also Hitaffer v. Argonne Co., Inc. (1950), 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, in which a wife's cause of action was recognized under the "emancipation" statutes effective in the District of Columbia.

The Courtney case was an action by a wife against her husband for injuries sustained by her while riding as a passenger in an automobile operated by the husband, allegedly as the result of negligence on the part of the husband. The husband contended, and this court agreed, that, under the common law, neither spouse had a cause of action against the other for damages arising out of tort. However, this court affirmed the judgment for the plaintiff-wife, based upon a jury verdict, after holding that the trial court did not err in overruling the defendant-husband's objection to the introduction of any evidence by the plaintiff, or in overruling the defendant's demurrer to the plaintiff's evidence, both of which were based upon the above-mentioned common-law rule. In doing so, this court held that, insofar as the basic cause of action for damages (other than exemplary damages) is concerned, no logical distinction could be made between negligent tort, involved in that case, and intentional tort, involved in the Fiedler case, and applied the rule stated in the first paragraph of court's syllabus to the Fiedler opinion:

"It is the policy of our Constitution and statutes to open the doors of the courts of justice to every person without distinction or discrimination for redress of wrongs and reparation for injuries; and, under our Constitution and statutes, a married woman may maintain an action for injuries to either her natural or statutory rights the same as though she were a feme sole, including an action against a former husband for tort maliciously inflicted during coverture."

The first paragraph of the court's syllabus to the Courtney opinion expands that rule to include damages from negligent wrong, as well as damages for intentional wrong, inflicted by the husband:

"Under the Constitution and Statutes of Oklahoma, a married woman may maintain an action to recover damages suffered from negligent as well as intentional wrongs inflicted upon her by her husband regardless of cohabitation."

In the Courtney opinion, in discussing the matter of our statutes' failure to *expressly* confer upon married women a cause of action against the husband for damages arising out of tort, this court said, 87 P.2d at page 665:

"This court has adopted the view that since our code and Constitution provide for redress of wrongs against all persons without discrimination, that all persons, whether male or female, married or unmarried, are allowed a civil remedy therefor. See Sec. 6, Art. 2, Okl. Const. [and the statute that now appears as 23 O.S.1961 § 3]; Fiedler v. Fiedler, supra. It is pointed out in the Fiedler Case that this court, by reason of [the statute that now appears as 25 O.S.1961 § 29], is not bound by the rule of strict construction with reference to statutes in derogation of the common law that has been so prominently advanced for preserving the married woman's common law disability in other states. As it is unquestioned and we must recognize, as most courts do, that a wife has no substantive right to sue her husband at common law, it must be admitted as said in Wait v. Pierce, supra [191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 48 A.L.R. 276], that if any such right exists today, it is the result of legislative enactment. But it is our view that by reason of the statutes just mentioned, it was unnecessary for the legislature by [the statute that now appears as 32 O.S.1961 § 15] to allow

the wife a cause of action in express terms—she, like all ordinary persons, had already been granted that by our Constitution and previous statutes."

Immediately following those statements, the court went on to say:

"It was necessary by [the statute that now appears as 32 O.S.1961 § 15], only to free the married woman of her *procedural disability* in order that she might exercise the natural rights of an ordinary person which she had gradually gained through a change in the conception of marriage that existed in the so-called 'dark ages'—a change that had been brought about step by step in conformity with the contemporary trend of thought, beginning with legislative enactments and judicial interpretation regarding her property rights. Thus, the decisions decreeing that statutes similar to [the statute that now appears as 32 O.S. 1961 § 15] instead of creating a cause of action, merely removed the *procedural disability of the wife to sue alone,* and therefore leave the foundation of the common law marriage status unchanged do not weaken the position taken in Fiedler v. Fiedler, supra, but concur with the views therein expressed upon matters of interpretation. * * * The only difference is in the result remaining and the reason for this difference in result is virtually a matter of policy. * * * In the jurisdictions in which courts hold contrary to Fiedler v. Fiedler, the common law conception of marriage is not necessarily contrary to the substance and spirit of their codes as a whole, whereas in this state it is, because here the rule of strict construction has been specifically abolished and a pronounced tendency of liberal construction shown in our laws and Constitution to the end of attaining an 'open door' policy in our courts and a legal redress for every wrong. * * *." (Emphasis supplied)

It should be noted that, in the Fiedler and Courtney opinions, the court's holding was not based upon the so-called emancipation statutes, or married women's acts, alone, as was the holding in the Howard case.

Section 6 of Article 2 of the Oklahoma Constitution (cited in the Fiedler and Courtney opinions) provides that:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

The statutes relied upon as the bases for the court's holding in the syllabus to the Fiedler case—23 O.S.1961 § 3, and 25 O.S. 1961 § 29, and 32 O.S.1961 § 15—provide, respectively:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this State, which are to be liberally construed with a view to effect their objects and to promote justice."

"Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, she shall have the same right to appeal *in her own name alone* to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone: Provided, that this Chapter [Chapter 35 R.L. 1910] shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law." (Emphasis supplied)

Title 12 O.S.1961 § 224, cited in the Courtney opinion, in addition to the provisions cited in the Fiedler opinion, provides that:

"A married woman may sue and be sued in the same manner as if she were unmarried."

Title 12 O.S.1961 § 2—not mentioned in any of the above-cited cases, but which, like the statutes mentioned in the Fiedler and Courtney opinions, was carried forward from the territorial statutes—provides:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma; but the rule of common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

The first portion of that statute states the guiding principle insofar as the effectiveness of any common law rule in Oklahoma is concerned. It does not require that a common law rule be *expressly* modified in order to lose its effectiveness in this state.

All of the provisions of the Oklahoma Constitution and statutes cited and relied upon in the Fiedler and Courtney opinions are general in character. None of them expressly mentions a cause of action by a woman against her husband, or former husband, for damages arising out of tort, either intentional or negligent, committed during coverture. So, the broad, general statements concerning the effect of those provisions of our Constitution and statutes, contained in the above-quoted paragraph of the syllabus to the opinion in the Fiedler case, as construed and applied in the Courtney case, would be equally applicable to a cause of action by a woman for damages for loss of consortium of her husband through the tort, either intentional or negligent, of a third party.

Under those broad, general principles, and the same provisions of our Constitution and statutes, the common law rule denying a woman a cause of action for damages sustained by her because of injuries to her husband through negligence on the part of a third party would have no application in Oklahoma.

As stated in the Courtney opinion, this court must construe the Oklahoma statutes and it is unnecessary to consider decisions of courts of other states construing the particular statutes of those states. I should like to add that, particularly in view of the provisions of 12 O.S.1961 § 2, this court must consider the pertinent provisions of the Oklahoma Constitution, and that this court did so in the Fiedler and Courtney opinions, long before the Howard case arose. I agree with the broad, general principles stated in the first paragraph of the syllabus to the Fiedler opinion, as construed and applied in the Courtney opinion.

The opinion in the Howard case, followed so faithfully in the Nelson opinion, overlooked those general principles or the logical application thereof to the common law rule involved in those cases.

The decisions in the Fiedler and Courtney cases were applied by this court in Stewart, Administrator v. Harris, District Judge (1967) Okl., 434 P.2d 902, 904; and the decision in the Courtney case was applied by this court in Catron v. First National Bank and Trust Company of Tulsa et al. (1967), Okl., 434 P.2d 263, 273.

The decision in the Howard case has been cited and applied by this court only in the Nelson case. The decision in the Nelson case has not been cited by this court in any case.

I would therefore hold that, under the provisions of the Oklahoma Constitution and statutes quoted herein, a woman has a cause of action for damages for loss of consortium of her husband because of injuries to the husband resulting from negligence of a third party.

The many "practical" objections to such a rule are answered in Hitaffer v. Argonne Company, Inc., supra.

I respectfully dissent.

I am authorized to state that HODGES, J., concurs in the views hereinabove expressed.