## SCHEER and WIFE vs. KEOWN.

*Criminal complaint. False imprisonment. Evidence of malice.*

1. If the name of a person against whom a criminal complaint is to be made, is unknown to the complainant, that fact should be stated in the complaint and warrant, and the best description given of him which the nature of the case will permit. It is not sufficient to give him a name, adding the word "*alias.*"
2. The misnomer of a person in the process on which an arrest is made, subjects the actors to an action for false imprisonment, even though the process was *intended* to be against the person so arrested.
3. In an action for false imprisonment, certain acts of the defendant, at the time of the arrest, and directions given by him to the sheriff relative to such arrest and imprisonment, with the avowed purpose of forcing a confession of guilt, *Held* admissible to show malice.

APPEAL from the Circuit Court for *Washington* County.

Action by *Ferdinand Scheer and Albertine*, his wife, to recover damages for the alleged false imprisonment, by the defendant, of the plaintiff *Albertine Scheer.*

The defendant made complaint in writing on oath to a justice of the peace, charging therein that " Sophia Sherr (*alias*) and Maria Hopf (*alias*)," at a time and place therein named,

stole a quantity of wool of a specified value, the same being the property of the defendant. A warrant was thereupon issued by the justice for the arrest of the accused, and, by the direction of the defendant, the plaintiff, *Mrs. Scheer* was arrested by the sheriff, by virtue of such warrant, and confined in the common jail of the county during one night, and on the next day was taken before the justice who issued the warrant, and was discharged from custody without trial.

On the trial, the plaintiffs for the purpose of showing malice, were permitted to give evidence of the searching of plaintiff's house by direction of the defendant before service of the warrant, and of directions given by him to the sheriff to arrest *Mrs. Scheer* and take her to jail and imprison her until he should come up in the morning, and to try and find out from the women when there, whether they stole the wool or not, and of his previous declarations that he would put them in jail and keep them there until they swore whether they stole his wool.

The defendant justified under the complaint and warrant, and put the same in evidence, together with the docket entries of the justice relating thereto.

The circuit court non-suited the plaintiffs; and judgment against them for costs was perfected and entered in due form. The plaintiffs appeal from such judgment.

*Frisby & Weil,* for appellants:

1. The warrant against Sophia Sherr did not justify the arrest of *Albertine Sheer. Holley v. Mix,* 3 Wend., 350–355. 2. The sheriff was not authorized to take her to jail and there detain her, without first taking her before the justice. R. S., ch. 121, sec. 3; *Green v. Kennedy,* 46 Barb., 16; 3 Cush., 438. 3. The person directing such imprisonment is guilty as principal. *Coates v. Darby,* 2 Comst. 517. The avowed purpose of such imprisonment was illegal, and the process is no protection to the officer or the person directing it. *Illsley v. Nichols,* 12 Pick., 270, 276; *Whitney v. Jenkinson,* 3 Wis., 407; *Allen v. Crofoot,* 5 Wend., 506; *Baldwin v. Weed,* 17 id., 224, 233; *Rogers v. Brewster,* 5 Johns., 125; *Van Brunt v. Schenck,* 13 id., 414.

*Foster & Coe*, for respondent.   [No brief on file.]

LYON, J.   The defendant probably attempted to prosecute the plaintiff, *Mrs. Scheer*, for the larceny of the wool, by a fictitious name.   And if he did not know her name, it is probable that it was competent for him to do so.   But in such case the fact that her name was unknown should have been stated in the complaint and warrant, and the best description of the person prosecuted, which the nature of the case would allow, should have been given therein; as " a woman whose name is unknown to the complainant, but who resides in the town of —— with one A. B.," or, " who is the wife of A. B.," and the like.   1 Chitty's Crim. Law, 40.   This complaint, and the warrant issued thereupon, are entirely wanting in these essential requisites, and without them the word " *alias*," used therein in connection with the name of *Mrs. Scheer*, is surplusage, and the prosecution is against "Sophia Sherr" and "Maria Hopf," and them only.   The complaint and warrant, therefore, do not justify the arrest of "*Albertine Scheer*."

It is well settled by authority, that the misnomer of a person in the process on which an arrest is made, subjects the actors to an action for false imprisonment.   And this is so, even though the process by virtue of which the arrest is made, was intended to be against the person actually arrested.

Thus, in *Melvin v. Fisher*, 8 N. H., 406, the plaintiff, whose name was George *Melvin*, was arrested on a writ sued out by the defendant against George *Melvil.*   It was not disputed that the writ was intended to be sued out against the plaintiff.   The action was for false imprisonment, and verdict and judgment for the plaintiff were upheld.

In *Griswold v. Sedgwick*, 6 Cow., 456, the plaintiff, whose name was *Daniel* S. Griswold, was arrested on process against *Samuel* S. Griswold; but the process was intended for the plaintiff.   Held, that an action for false imprisonment lay at the suit of the plaintiff for such arrest.   See same case, 1 Wend., 126.

These cases will serve as illustrations. To the same effect are the cases of *Mead v. Haws*, 7 Cow., 332; *Scott v. Ely*, 4 Wend., 555; *Gurnsey v. Lovell*, 9 Wend., 319.

The English cases which hold the same doctrine are very numerous. The following are some of them: *Shadgett v. Clipson*, 8 East., 328; *Wilks v. Lerk*, 2 Taunton, 399; *Ahitbol v. Beneditte*, 2 id., 401; *Scandover v. Worne*, 2 Campb., 270; *Price v. Harwood*, 3 id., 110; 6 T. R., 234.

The foregoing authorities demonstrate that the circuit court erred in non-suiting the plaintiffs.

II. The court correctly admitted evidence of the acts and directions of the defendant in the matter of the arrest and imprisonment of *Mrs. Scheer*. The same is admissible as tending to show malice.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.