KEEHN, Respondent, vs. STEIN, Appellant.

*September 1 — September 18, 1888.*

*False imprisonment: Misnomer in warrant of arrest: Amendment:
Criminal law and practice: Justices' courts.*

1. The misnomer of a person in the process on which he is arrested,
   if cured by amendment under secs. 4703, 4705, 4706, 4742, R. S.,
   does not subject the actors to an action of false imprisonment.
   *Scheer v. Keown,* 29 Wis. 586, distinguished.

[2. Whether the question of misnomer can be raised in justice's court
   by objection to the jurisdiction of the court over the person, not
   determined.]

APPEAL from the Circuit Court for *Milwaukee* County.

Action by *Mary E. Keehn* against *Charles Stein* for false
imprisonment. The facts are sufficiently stated in the
opinion. The plaintiff had a verdict for $1,000, and from
the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Jenkins, Winkler
& Smith,* and oral argument by *F. C. Winkler.*

For the respondent the cause was submitted on the brief
of *J. C. McKenney.*

ORTON, J. This action is for false imprisonment. The
defendant justified under a complaint made by himself and
warrant issued by a justice, charging the plaintiff with
having committed the crime of forgery. Both the com-
plaint and warrant were against the plaintiff by the name
of "Jenny M. Keehn." The plaintiff was arrested by the
procurement of the defendant, by virtue of said warrant,
and pleaded not guilty, and objected to the jurisdiction of
the court for the reason that she was not the person named
in the complaint and warrant. This objection was over-
ruled, and thereupon the district attorney caused said war-
rant and return to be amended by striking out the name of
Jenny M. Keehn, and inserting the name of the said plaint-

iff, and the proceedings continued in such name until a *nolle prosequi* was entered in the case. On the trial the record of that criminal prosecution was offered in evidence on behalf of the defendant as a justification of the imprisonment, and was admitted subject to objection. The circuit court, however, treated said writ and proceedings as void, and charged the jury and framed the special verdict upon the assumption that the warrant by virtue of which the plaintiff was arrested was absolutely void on account of such misnomer, and no justification of the arrest and imprisonment, and told the jury that " the question as to who should prevail in this action is settled by the court, and the only question for them to consider was that of damages." This part of the charge was excepted to by the defendant's counsel, as well as the order overruling the defendant's motion for a nonsuit, and therefore the question of the validity of said warrant is properly raised on this appeal, and is the material question in the case, and need be the only one considered.

The learned counsel of the appellant contends that the warrant, although not in name for the arrest of the plaintiff, is not void, but an amendable process by virtue of the statute, secs. 4705, 4706, 4742, R. S., which read as follows: " Whenever the plea of misnomer is pleaded to an indictment or information, the court may forthwith cause the indictment or information to be amended in that respect, and call upon the parties to plead thereto as though no such plea had been pleaded." " No indictment, information, process, return, or other proceedings in a criminal case in the courts or course of justice shall be abated, quashed, or reversed for any error or mistake where the *person* and the case may be rightly understood by the court, and the court may, on motion, order an amendment curing such defect." " Any statute relating to the form, substance, or amendment of indictments and informations, the statement of the offense

therein, and the evidence thereunder, so far as applicable, shall apply to complaints, amendments, proceedings, and trials in criminal cases before justices of the peace." In this connection another section may be noticed. Sec. 4703, R. S., provides that "any court of record in which the trial of an indictment or information is had, may forthwith allow amendment in case of variance between the statement in the indictment or information and the proof, in the following cases: In the *name* or description of any *person*, place, or premises," etc., "and in all cases where the variance between the indictment or information and the proof are not material to the merits of the case." Secs. 4703, 4705, and 4706 of the Revised Statutes were taken from ch. 137 of the Laws of 1871. Sec. 4742 was a new section put into the Revision of 1878 by the revisers. This court, in *Scheer v. Keown*, 29 Wis. 586, held that the misnomer of a person in the process on which an arrest is made subjects the actors to an action of false imprisonment, even though the process was intended to be against the person so arrested. Without such a curative statute as the above, this was unquestionably the law. When the above case occurred, sec. 4742, making the above sections applicable to proceedings before justices of the peace, had not been enacted, and therefore the above case was correctly decided, for the proceeding was in a justice's court. In *Gelzenleuchter v. Niemeyer*, 64 Wis. 316, where the same doctrine was recognized, the attention of the court was not called to said sections, and they were overlooked. It was unquestionably the intention of the legislature, in passing these statutes, to make misnomers in criminal cases mere variances, amendable as of course whenever the question should be raised. In case of indictment or information, the question could be raised only by plea in abatement for misnomer, or "by plea of misnomer," as it is called in the statute. In proceedings in a justice's court it may be that the question could properly

be raised by objection to the jurisdiction of the court over the person, as in this case; but this we do not decide. If such objection is not made to the process or proceedings in some proper way, then, of course, there is no misnomer, and the defendant would be held to be properly named in the writ and proceedings. If the question was properly raised in the justice's court in this case, then it follows that the amendment was properly made, and the process is valid as well as all the subsequent proceedings. The court treated the amendment as properly made, and the proceedings were had against the proper person by her real or proper name. In this case it was evident that the plaintiff was the person intended in the complaint, warrant, and proceedings, and that there was no mistake in the *proper person*, if there was in her *real name*. It was in just such cases that the statute was intended to operate to cure the defect as "not material to the merits of the case." It follows that the warrant or process on which the plaintiff was arrested was valid, and justified her arrest and imprisonment, and that the circuit court erred in ruling otherwise.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.