Bissell, P. J.,
delivered the opinion of the court.
The sureties insist that the judgment imposes upon them a liability without the terms of the obligation into which they entered. Their proposition is based on one fact, although there are several collateral matters which, as they view the law, tend to support their contention. The terms of their suretyship doubtless laid on them a responsibility for the negligent or wrongful performance by the constable of the duties of his office. This they concede, but assert that in order to render them liable, it must appear that the acts of the officer were within the scope of his duties, and done while engaged in the performance of an official act authorized by the law, or by some process issued by competent authority. As the next step in the chain, the sureties maintain that the warrant which the officer had was void, and gave him no actual or appar *83 ent legal authority to arrest the appellee. This is true. We are aware of no provision of the statute, and counsel has called none to our attention, which permits process to issue against an unnamed person, or against one who, if unnamed, is not sufficiently identified and described in the warrant to permit it to be said that it runs against a particular person. It has always been the law that process might go against a person whose name was unknown, provided it contained such a descriptio personae as might supply the place of the name by which the accused person was known. Commonwealth v. Crotty et al., 92 Mass. 403; Alford v. The State, 8 Tex. App. 545; Scheer and Wife v. Keown, 29 Wis. 586; Melvin v. Fisher, 8 N. H. 406; Colter v. Lower et al., 35 Ind. 285.
Tested by these principles, the warrant under which the constable assumed to act was absolutely void. It gave him no authority whatever to arrest Prisk or anybody else. All his acts under it were trespasses, for which he was, and is, most undoubtedly responsible. It is this conclusion which relieves the sureties of any responsibility in the premises. The constable’s acts were not performed by him while engaged in the discharge of the duties of his office, nor was the arrest of the plaintiff in any sense a breach of the obligation into which the sureties, had entered. Being without a legal process, he had no official functions to perform, and no duty to execute. It is somewhat singular that in the multitude of suits which have been brought on the bonds of constables, sheriffs, and similar peace officers, there have been so few cases where there has been an attempt under similar circumstances to hold the sureties liable for the trespasses of the officer. The industry of counsel, and some little research on the part of the court, have brought to light but few wherein the question has been considered. There is no dissent among the authorities, and they all concur in the conclusion that for trespasses of this description, where the officer acts without either actual or apparent legal authority, a surety who undertakes for the faithful performance of the official duties of the officer cannot be made responsible. McLendon et al. *84 v. The State, 22 S. W. Rep. 201; State v. Long et al., 8 Ired. Law, 415; State v. McDonough et al., 9 Mo. App. 63.
To overcome the force of these decisions, the appellee cites a great many eases in which the sureties have been held liable for the acts of the officer in the levy of his writ on the property of B. when the process only ran against A. Of these, The People v. Lucas et al., 93 N. Y. 585, and Lammon et al. v. Feusier et al., 111 U. S. 17, are sufficient examples. There was long a diversity of opinion among the courts in regard to the proposition, but the weight of authority seems now to be that, since the officer’, in a case of this kind, acts under a valid and legal process, the sureties shall be held for the tortious execution of his writ. We do not undertake to state our opinion respecting this proposition, and we have only referred to it as the basis of the appellee’s contention. Their point is, that since, in.such cases, the sureties are made responsible, they ought likewise to be held in the present case, because the constable assumed to act under a warrant issued by competent legal authority. We do not regard the cases as at all analogous, nor the principle, if correct, applicable to this case. The fundamental difficulty with the appellee’s position is, that when Allison undertook to arrest Prisk with the warrant, he occupied no other or better position than would any person who was not an officer with a blank piece of paper. That it was in the form of a writ and signed by a magistrate did not clothe the constable with the right to arrest anybody. It was a trespass not- committed in the execution of the duties of his office, and the sureties cannot therefore he held. The appellants put considerable stress upon what they insist was the error of the court in charging the jury that they, as sureties, were liable to respond for the exemplary damages which the court charged the plaintiff might recover for the wrongful acts of the officer. Whether sureties can ever be held liable under such circumstances is a difficult question which we need not determine, because on the main proposition the sureties are released. It need only be suggested that what is essential to *85 the recovery of such damages against the defendant has been pretty -well settled by two cases in the state. French v. Deane, 19 Colo. 504; Eisenhart v. Ordean, 3 Colo. App. 162.
There is no difficulty in applying the law, and the trial court is not likely to fall into error on this proposition. ' We may, however, be permitted to suggest that the pleading seems to us a little inartistic with reference to this subject. If the plaintiff is bound to prove the facts which constitute the malice or show the reckless disregard of the other’s rights essential to the recovery of punitive damages, it must be true that his complaint should contain an apt and sufficient allegation to permit the introduction of evidence on this subject. While we do not directly decide the complaint to be so far subject to criticism that a verdict under it would not be sustained, we think a slight amendment in this particular might be expedient. The judgment must be reversed and the ease remanded for a new trial. The district court will permit the plaintiff to amend his complaint as he may be advised in the particular suggested, should he desire to continue the litigation.

Reversed.