No. 17,397.

WILLIAM E. JOHNSON, ET AL *v.* CARL E. ENLOW, ET AL.
(286 P. [2d] 630)

Decided July 11, 1955.

Mr. ELIAS J. CANDELL, for plaintiff in error.

Messrs. McCOMB, ZARLENGO & MOTT, for defendant in error Royal Indemnity Company.

Mr. RICHARD H. SIMON, Mr. MARTIN C. MOLHOLM, for defendants in error Carl E. Enlow, Charles Morris, Ed Murphy, Fred Petticrew and Orval L. Priest.

Mr. WILKIE HAM, for defendants in error John Hodson, Jim Harris and United States Fidelity and Guaranty Company.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties hereto appear in the same order as in the trial court. Plaintiffs William E. Johnson and his wife, Mary K. Johnson, brought this action for damages against Carl E. Enlow, sheriff of Jefferson County, Colorado, and his deputies Charles Morris, Ed Murphy, Fred Petticrew and Orval L. Priest, together with John Hodson, sheriff of Prowers County, Colorado, and his undersheriff Jim Harris. Joined as defendants in said action were Royal Indemnity Company, surety on the official bond of Enlow, and United States Fidelity and Guaranty Company, in the complaint alleged to be the surety on the official bond

of Sheriff Hodson. The complaint was based on an alleged joint trespass in unlawfully arresting and falsely imprisoning William E. Johnson.

The essential facts as disclosed by the record are: One Wm. D. Johnson in Prowers County, Colorado, on September 20, 1952, executed a check to Karport Service Station in the sum of $25.00, which check upon presentation was not paid by the bank on which it was drawn; that on October 6, 1952 a warrant was issued by a Justice of the Peace in Prowers County, Colorado, charging Wm. D. Johnson with a misdemeanor; to wit: issuing a short check. Defendant Harris, undersheriff of Prowers County, telephoned Sheriff Enlow of Jefferson County advising him that one William D. Johnson was wanted and that a warrant for him had been issued, based on the passing of a $25.00 check which had "bounced" because of insufficent funds. Sheriff Enlow claimed he understood the name given him as William E. Johnson or William T. Johnson; Enlow was informed by Harris that Johnson operated a Mack truck and that he was employed by or had some business connection with a Jefferson county resident, Mr. Rountree. Sheriff Enlow testified Harris gave him a description of the man sought; the warrant was never forwarded to Jefferson county. The matter was referred by Sheriff Enlow to defendant Morris, and he with defendant Murphy went to Evergreen, Colorado, in search of Johnson. Sheriff Enlow advised defendant Morris to look for a William Johnson who worked for a Walter Rountree. Later Morris reported to Enlow that he had located a William Johnson in Evergreen and advised Enlow he thought this man had worked for or been associated with Rountree. Enlow was absent from his office when plaintiff Johnson was brought in by Morris and Murphy. Immediately upon being informed that the man in jail was not the party wanted (the officers from Prowers county having arrived meantime) Enlow ordered the release of Plaintiff William E. Johnson. The action by plaintiffs followed and after trial to a jury, the trial court

dismissed the action of Mrs. Johnson, against all defendants, and the action of William E. Johnson against defendants Hodson, Harris and United States Fidelity and Guaranty Company. The remaining defendants moved for directed verdicts in their favor, which motions were denied. The jury returned a verdict in favor of plaintiff William E. Johnson, against Enlow and his bonding company in the sum of one thousand dollars, and a verdict in favor of Royal Indemnity Company on its cross-complaint against Enlow in a like sum; the jury returned a verdict against Morris in the sum of $1,000 compensatory damages and $500 exemplary damages; the jury verdict was in favor of defendants Murphy and Petticrew. Plaintiffs filed a motion for new trial which was overruled. Judgment non obstante, or for a new trial, was by motion sought by defendant Morris. This motion was overruled except that the $500 exemplary damages awarded plaintiff William E. Johnson were set aside and judgment was entered against Morris in the sum of $1,000. Motion for judgment non obstante, or for a new trial, was filed by defendants Enlow and Royal Indemnity Company. This motion was sustained by the trial court, and judgment accordingly entered. Morris, the deputy sheriff, has taken no steps to have the judgment against him reviewed. Plaintiffs bring the cause here by writ of error.

Numerous grounds are urged by plaintiffs in error for reversal of the judgments in favor of Enlow and the surety on his official bond. We have carefully considered each of them and refer to only four, to wit: that plaintiffs are entitled to a judgment against Enlow and his bondsmen; that the compensatory damages awarded against Morris are inadequate; that the trial court erred in dismissing the claim of Mary K. Johnson, and that William E. Johnson is entitled to interest on the verdict and judgment against Morris. We have carefully considered the other matters sought to be reviewed and find them to be without merit.

Section 432, chapter 48 '35 C.S.A. provides:

"When a charge shall be exhibited upon oath before a judge, or justice of the peace, against any person, for a criminal offense, it shall be the duty of the judge or justice of the peace before whom the charge shall be made to issue his warrant for the apprehension of the offender * * *; and it shall be the duty of any sheriff, coroner or constable into whose hand any such warrant shall come, to execute the same within their respective counties, and if the offender shall be found therein, to arrest and convey the offender before the judge or justice of the peace who issued the warrant * * *."

Section 99, chapter 45 '35 C.S.A. provides: "Each sheriff may appoint such and so many deputies as he may think proper, for whose official acts, and those of his undersheriff, he shall be responsible, * * *"

Under this statute a sheriff is only liable for the official acts of his deputies.

██ The rule is that a peace officer may not make an arrest for a misdemeanor committed or attemped out of his presence without a warrant. If a person is so arrested for a misdemeanor, the act of the peace officer is not an official act for which his principal or his principal's surety is liable.

In *People v. Pacific Surety,* 50 Colo. 273, 109 Pac. 961, this court speaking through Mr. Justice Campbell, said: "* * * where the acts of a public officer are done without any legal process, or authority of law, they are not his official, but merely his private or personal acts, for which his sureties are not liable." In *Allison v. The People,* 6 Colo. App. 80, it was said concerning the action of a constable in making an arrest: "Being without a legal process, he had no official functions to perform, and no duty to execute."

In *People for the Use of Tamplin v. Beach,* 49 Colo. 516, 113 Pac. 513, it was said: "If the arrest of the prisoner was not a lawful one; if made under a void warrant, or without a warrant in a case where a warrant is required; or if not made in such circumstances as justify the arrest with-

out warrant, the officer was not acting in his official capacity, either by virtue of, or under color of, office, * * * were acts clearly outside of, and beyond the duties of, his office—merely private or personal acts for which the surety upon the official bond of his principal could not be held liable."

Cases supporting the rule announced in *Allison v. People*, supra, are: *People v. Pacific Surey Co., supra; Chandler v. Rutherford*, 101 Fed. 774; *Jones v. Van Bever*, 164 Ky. 80, 174 SW 795.

■ There are cases in which a peace officer may make arrests without a warrant, and in doing so he is in the performance of a duty imposed by law. He has authority to make arrests, without a warrant, of persons committing or attempting to commit offenses in his presence, whether the offense be a felony or a misdemeanor; of persons who have committed felonies out of his presence; of persons he has reasonable cause to believe guilty of a felony that has been committed; of persons charged, upon reasonable cause, with having committed a felony.

In *Miles v. Wright*, 22 Ariz. 73, 194 Pac. 88, it was said:

"The law being that a peace officer may not make an arrest for a misdemeanor committed or attempted out of his presence without a warrant, the complaint doubtless should have been more definite and certain in stating the grade of the offense with which the plaintiff was charged at the time he arrested her. If he arrested her for a misdemeanor, it would not be an official act for which his principal would be liable, and a complaint showing such a state of facts would be demurrable." ·

We, therefore, conclude that the acts of Morris were not official acts, hence Sheriff Enlow and the surety on his official bond are not liable in the instant case.

■ The jury was properly instructed regarding the measure of compensatory damages, and returned its verdict. We cannot say from a careful consideration of the record before us that the award of one thousand dollars is so inadequate as to indicate bias or prejudice on the part

of the jury. The award of exemplary damages was properly set aside by the trial court. To justify a recovery of exemplary damages, the act causing the injuries must be done with an evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as evidence a wrongful motive. We find nothing in this record to bring the instant case within this rule so often announced by this court.

Concerning the claim of Mary K. Johnson, we are convinced the trial court properly dismissed it. No physical injury was inflicted upon her; no violence was directed toward her, and no effort was made to arrest her. Morris advised her of his mission, and suggested that when her husband returned he call the Sheriff's Office in Golden. Counsel for Mary K. Johnson state: "That these acts were substantially certain to cause this relator-plaintiff mental pain and anguish, worry, loss of the society of her husband, loss of appetite and of sleep, and injury to her nerves and health; * * *." Colorado is committed to the rule that a wife cannot recover for the loss of society of her husband, by reason of an injury negligently inflicted on the husband. *Giggey v. Gallagher Transportation Co.*, 101 Colo. 258, 72 P. (2d) 1100; *Franzen v. Zimmerman*, 127 Colo. 381, 256 P. (2d) 897. There is nothing in this record to indicate the action of defendant Morris was wilful. In *Hall v. Jackson*, 24 Colo. App. 225, 134 Pac. 151, it was stated: "Mental anguish alone, not arising from some physical injury or pecuniary loss, caused by the negligent or other wrongful act of another, is not a basis for action for damages in the absence of a statute authorizing such a recovery." It is undisputed that there was no physical injury inflicted on Mary K. Johnson and no attempt to do her any harm.

There is nothing in this record to indicate that the action of Morris could be characterized as wilful and wanton conduct. Certainly there was no such evidence against Sheriff Enlow. The apprehension of William E. Johnson resulted from a confusion of names and the fact that he

had been associated with Rountree. None of the Jefferson county defendants knew him. We fail to find any evidence in the record which would have entitled Mary K. Johnson to have her claim submitted to the jury. The same may be said of the claims of both plaintiffs as against the Prowers county officials.

At the trial, plaintiffs' complaint demanded interest on damages awarded them, or either of them, from the date of the filing of the complaint to the date of judgment. This, the trial court declined to award. In this respect the trial court erred. Section 5, chapter 50, '35 C.S.A. specifically provides for the addition of such interest to the verdict.

The judgments are affirmed and the cause remanded to the trial court with direction to add to the judgment against defendant Morris interest at the statutory rate from the filing of the complaint to the date of entry.