Thomas E. WELCH, Plaintiff,

v.

F.R. STOKES, INC., a California corporation, Defendant.

Civ. A. No. 81–K–1231.

United States District Court,
D. Colorado.

Feb. 10, 1983.

Laird T. Milburn, Grand Junction, Colo., for plaintiff.

Richard Arnold & Jerry Tompkins, Grand Junction, Colo., Hanson, Bridgett, Marcus, Vlahos & Stromberg, San Francisco, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a products liability action based on Section 402A, Restatement (Second) of Torts, strict liability, § 13–21–401 et seq., C.R.S.1973 presents a question of first impression. Plaintiff is a Colorado resident;[1] defendant is a California corporation which manufactures, sells and designs ladders. On August 8, 1978 plaintiff was using one of defendant's ladders and claims that due to the defective and unreasonably dangerous condition of the ladder, it collapsed causing him extensive injury. Plaintiff contends that the ladder was not accompanied by any warnings or instructions that it was subject to failure during use, nor warnings as to how the ladder must be used to avoid failure during use. Defendant, in its answer, asserted ten affirmative defenses.[2] Plaintiff has filed a motion for summary judgment and a motion in limine seeking to bar defendant from asserting many of these

---

[1]. For purposes of federal court diversity jurisdiction, "residency" is not the equivalent of "citizenship." *Whitelock v. Leatherman,* 460 F.2d 507 (10th Cir.1972).

[2]. The ten affirmative defenses asserted by defendant are: (1) failure to state a claim; (2) statute of limitations; (3) lack of jurisdiction; (4) assumption of risk; (5) intervening negligence of some third party; (6) the actions of third person(s) other than defendant and over whom defendant exercised no right of control, were the sole and proximate cause of the injuries and damages alleged by the plaintiff; (7) misuse or unintended use of the product; (8) changes or modifications made by some third party over whom defendant exercised no right of control; (9) defendant invokes the presumptions of § 13–21–403; and (10) any warnings or instructions provided by defendant were lost or changed by some third party(ies) not the defendant and over whom the defendant exercised no right of control. Defendant concedes in its brief that this court does have jurisdiction and that plaintiff has stated a claim upon which relief can be granted.

defenses in the trial set for April 4, 1983 in Grand Junction, Colorado. Oral argument was had on these motions December 20, 1982.

Strict liability is liability without fault. The elements of a claim based on strict liability are:

1. the existence of an absolute duty on the part of the defendant to make safe;

2. a breach of that duty;

3. the breach was the proximate cause of plaintiff's injury(ies); and,

4. damage to the plaintiff's person or property.

There are historically three defenses to an action based on strict liability: contributory negligence, comparative negligence and assumption of risk. Contributory negligence which would bar plaintiff from recovery if he is to any degree negligent, has been rejected by Colorado. C.R.S.1973 § 13–21–111.

Among other arguments, plaintiff contends that a new Colorado statute, § 13–21–406, bars defendant from presenting any evidence of comparative fault. This statute says in part:

> *Comparative fault as a measure of damages.* (1) In any product liability action, the fault of the person suffering the harm, as well as the fault of all others who are parties to the action for causing the harm, shall be compared by the trier of fact in accordance with this section. The fault of the person suffering the harm shall not bar such person ... but the award of damages to s ıch person or the party bringing the action shall be diminished in proportion to the amount of causal fault attributed to the person suffering the harm.

This new statute, enacted July 1, 1981, has yet to be interpreted by the Colorado courts. Plaintiff argues that contributory negligence is not a defense to any claim based on strict liability because it would require consideration of the parties' "fault." Defendant argues that under this new statute, fault may be compared by the trier of fact and plaintiff would be allowed to recover for proven damages less the percentage attributed to him.

■ I believe that the parties have confused *damages* with *liability*. I interpret § 406 as relating only to damages, and not to liability. The title of the statute gives support to this interpretation. To apply the statute on the question of liability would disembowel the statute on strict liability. In a case of statutory construction such as this, the statute, if at all possible, must be read together with other statutes (particularly § 13–21–401 *et seq.*) and must be read in such a way as to vivify all. I must assume that the legislature knew what it was doing when it enacted the various statutes. To apply this section to the issue of liability would defeat the purposes of strict liability because it would improperly inject a determination of fault with the issue of liability. Any different construction would prohibit the efficacy or operation of one or another statute. Only under my interpretation of § 406's limited application to damages can the statute be meaningfully applied. I therefore hold that § 13–21–406 has no change at all on liability; it merely permits the jury to consider fault in arriving at the damage figure. The parties will be permitted to introduce evidence at trial of the causal fault attributed to the person suffering harm, and the jury will be specifically instructed that this evidence will apply only to damages and not to liability. The motion for summary judgment and the motion *in limine* are granted as to any defense proposed to be asserted by defendant other than the traditional defenses of contributory negligence, comparative negligence and assumption of risk.

■ Plaintiff also asserts that because none of the presumptions of § 13–21–403 C.R.S.1973 apply, they cannot be invoked by defendant. The first presumption (all these presumptions are rebuttable) is that the product which caused the injury, death or damage was not defective and that the manufacturer or seller was not negligent if prior to the sale of the product the manufacturer had conformed to the state of the art applicable to the product at the time of

the sale or complied with any applicable code, standard or regulation adopted by the United States or any state. The second presumption is that noncompliance with any code, standard or regulation shall create a rebuttable presumption that the product was defective or negligently manufactured. And finally, ten (10) years after the product is first sold for use or consumption, it shall be rebuttably presumed that the product was not defective and that the manufacturer or seller was not negligent and all warnings and instructions were proper and adequate. Defendant responds that the state of the art in the manufacture of three-legged orchard ladders is a question of fact and that although it was not aware of any state or federal codes, standards or regulations regarding three-legged ladders, it does not concede that none apply.

The motion for summary judgment on this ground is denied because summary judgment may not serve as a substitute for trial, *Commercial Iron & Metal Co. v. Bache & Co.,* 478 F.2d 39, 41 (10th Cir.1973), and this is an issue of fact that should go to trial. If plaintiff invokes these presumptions, defendant will not be foreclosed from its right to rebut them. It is, therefore,

ORDERED that plaintiff's motions for summary judgment and *in limine* are granted in part and denied in part. C.R.S.1973 § 13–21–406 is interpreted to apply to the issue of damages, but not to the issue of liability; defendant is limited to the traditional strict liability defenses; and the presumptions of § 13–21–403 will apply if there is evidence to support them.