**Susan HUFFMAN, Plaintiff,**

v.

**CATERPILLAR TRACTOR COMPANY, Defendant.**

**Civ. A. No. 82-K-1458.**

United States District Court, D. Colorado.

Oct. 21, 1986.

---

Macon Cowles, Williams, Trine, Greenstein & Griffith, P.C., Boulder, Colo., for plaintiff.

Harry L. Hobson and William W. Maywhort, Holland & Hart, Denver, Colo., for defendant.

## MEMORANDUM OPINION
## AND ORDER

KANE, District Judge.

Susan Huffman brought this product liability action for compensation for the death of her husband, Garry. He was killed while operating a pipelayer machine manufactured by the defendant. Judgment was

entered on a $475,000 jury verdict in Huffman's favor on July 25, 1986. The judgment order further provided for costs and for postjudgment interest at the rate of 6.35% per year. Caterpillar, however, soon filed a set of objections to plaintiff's bill of costs. These objections were mooted by the clerk's taxation of costs on September 11, 1986.[1] Following the clerk's action, plaintiff countered with her own motion to review the taxation of costs. I have reviewed the record of these costs and determined this motion should be, and is, denied.

Huffman has also filed a Rule 60 motion to alter or amend the judgment. This motion is predicated on two different grounds. Huffman first contends the judgment order should have included a provision for prejudgment interest. Alternatively, she argues I erred in submitting certain instructions on comparative fault to the jury. I will address each of these two contentions separately.

### I. Pre-Judgment Interest

The award of prejudgment interest in Colorado personal injury actions is governed by statute. In pertinent part, C.R.S. § 13–21–101(1) states:

> In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of dam-

ages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof. On actions filed on or after July 1, 1979, the calculation shall include. compounding of interest annually from the date such suit was filed.

■ That statute is important to this action because under the *Erie* doctrine, "in diversity actions the federal court looks to state law in order to determine the allowability of interest on a recovery." *Casto v. Arkansas-Louisiana Gas Co.*, 562 F.2d 622, 625 (10th Cir.1977). However, in federal court the reach of § 13–21–101 does not extend to the date the judgment is satisfied. The application of § 13–21–101 is limited to calculations of prejudgment interest, because postjudgment interest is governed by 28 U.S.C. § 1961.[2] *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir.1985); *Weitz Co., Inc. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1385–1387 (8th Cir.1983).

■ In addition to the fact that *Erie* makes § 13–21–101 available in this court, I have no discretion to ignore the statute. Section 13–21–101(1) explicitly makes the award of prejudgment interest "the duty of the court." Further, "[a]s construed, this provision imparts no discretion to the trial court; it must be applied to any judgment resulting from an action for personal injuries." *Stemple v. Phillips Petroleum Company*, 430 F.2d 178, 184 (10th Cir. 1970), citing *Johnson v. Enlow*, 132 Colo. 101, 286 P.2d 630 (1955).

---

1. I therefore need not allay defendant's objections.

2. From a practical perspective, this means interest from July 29, 1981, the date of Garry Huffman's death, until July 25, 1986, the date of judgment, shall accrue at 9% per year. Starting July 25, 1986, post-judgment interest shall accrue at 6.35% per annum.

A case on point is *Meller v. Heil Company*, 745 F.2d 1297 (10th Cir.1984), *cert. denied*, 467 U.S. 1206, 104, S.Ct. 2390, 81 L.Ed.2d 347 (1984), Jessie Meller's husband Jean was killed while servicing a dump truck he drove for a Colorado employer. Meller filed a diversity action for wrongful death, on a strict liability theory, against the manufacturer of the truck's dump bed assembly. A judgment for $431,024.13, plus costs, was ultimately assessed against Heil. One of Meller's arguments on appeal was that the district court had erred in calculating interest on the verdict from the date of filing of her amended complaint, "rather than from the date the action accrued." *Id.*, at 1304.

At the time of Mr. Meller's death, § 13–21–101 provided that interest began to accumulate as of the date the complaint was filed. However, by the time Jessie Meller filed her complaint, § 13–21–101 had been amended to allow the accumulation of interest to commence on the date the cause of action accrued. The circuit court held that the district court should have applied the statute "as presently written." *Id.*, at 1305. The case was therefore "remanded to the district court for addition of interest in the amount provided by Colo.Rev.Stat. § 13–21–101 (Supp.1982)." *Id.*, at 1305.

The timing of the amendment to § 13–21–101 is not at issue in *Huffman*, and so the narrow holding of *Meller* implicitly has no application here. Nevertheless, *Meller* mandates an award of prejudgment interest in this diversity-based product liability action. The *Meller* court could not have remanded and instructed the district court to give plaintiff the full benefit of the interest statute if the law were otherwise.

Caterpillar advances three arguments by way of precluding the application of § 13–21–101. First, Caterpillar states that since the statute is in derogation of the common law, it must be strictly construed. Because

the statutory language only addresses injuries "resulting from or occasioned ... by negligence or by willful intent," Caterpillar argues the statute can have no application to this strict liability action. Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment, at 2.

■ I cannot, however, accept this argument without contravening *Meller*.[3] Meller's action charged Heil with being "strictly liable in tort for defective design," *id.*, at 1298, the same claim Huffman leveled against Caterpillar. The circuit court in *Meller* obviously did not find application of § 13–21–101 to be foreclosed in a strict liability action. The circuit court's remand for an entry of judgment in accordance with the full reach of the statute assumed the antecedent position that § 13–21–101 is just as binding on strict liability actions as it is on cases brought under other theories of liability.

Defendant's second argument against the use of § 13–21–101 is that the jury's award of $475,000 already included an interest component. Caterpillar bases this argument on the testimony of Dr. Evenson, a trial witness who provided testimony about the present discounted value of the decedent's lost stream of income. Caterpillar characterizes Dr. Evenson's testimony as follows:

Two aspects of this computation were the lost earnings capacity and the lost fringe benefits which accrued between the date of Mr. Huffman's death and the date of trial. In arriving at these figures, Dr. Evenson testified that he applied an "economic growth factor" of 7.2% per annum (compounded) to the base rates used in his calculations.... Dr. Evenson explained that this "economic growth factor" represented increases attributable both to real productivity *and* to interest.... Consequently, Dr. Even-

---

3. I also note § 13–21–101 has been through several revisions, "resulting in language which overlaps and, in some cases, appears contradictory." 15 Colo.Law. 753, 756 (May 1986). Hence it is not unlikely that the phrase "by negligence or by willful intent" is not intended

to exclude strict liability actions but is simply a leftover from earlier versions of the statute. In light of the several statutory amendments, I must construe the statute reasonably, and in furtherance of its purpose.

son's own calculations included an element of pre-judgment interest.

Response, at 3. (emphasis in original)

■ Even accepting defendant's characterization of Dr. Evenson's testimony, and further assuming *arguendo* the jury's reliance on that testimony, Caterpillar is incorrect on this point. A distinction must be made between prejudgment interest and the interest element inherent in a lump sum award of the present discounted value of a future stream of income. The interest inherent in the present discounted value calculation is nothing more than a corrective factor to be figured into the computations determining the size of the plaintiff's lump sum award. Prejudgment interest, on the other hand, does not even come into play unless and until that lump sum award has been calculated. Once the lump sum determination has been made, the judgment is like any other judgment, *e.g.*, a liquidated sum under the terms of a contract. Prejudgment interest is then used to compensate the plaintiff for the delay inherent in receiving that lump sum award at the time of judgment rather than at the time the claim accrued.

■ Use of the two types of interest thus poses two wholly separate issues. *See* 49 U.Colo.L.Rev. 335, 337–38 (1977). Susan Huffman's judgment already contains an interest component only to the extent that the $475,000 she received is the present value, as of the day her husband died, of the money he would have earned over the course of his natural lifespan. The prejudgment interest serves a completely different function because it compensates for the delay she experienced in receiving the $475,000. Since these two functions are distinct, application of § 13–21–101 will not occasion any duplication of interest payments.

■ Defendant's final argument is that since plaintiff made no demand for prejudgment interest in the pre-trial order, she has waived her claim to such interest. This argument is also incorrect. Plaintiff need only make her interest demand in the complaint. *Callaham v. Slavsky*, 153 Colo.

291, 385 P.2d 674, 676–77 (1963); *Clark v. Hicks*, 127 Colo. 25, 31–32, 252 P.2d 1067 (1953). Defendant admits plaintiff's complaint included a prayer for interest. Response, at 4. A simple prayer, such as Huffman's request for "interest as provided by law," constitutes a demand for interest under the statute. *Jacobson v. Doan*, 136 Colo. 496, 510–511, 319 P.2d 975 (1957). Plaintiff has therefore not waived her claim for prejudgment interest.

## II. Jury Instructions on Comparative Fault

Plaintiff contends I erred in my instructions to the jury on damages. My instruction on comparative fault as the measure of damages, C.R.S. § 13–21–406, included the following language:

> In the context of this statute, the term 'fault' as it relates to Garry Huffman means the doing of an act which a reasonable person acting under the same or similar circumstances would not do or the failure to do an act which a reasonable person acting under the same or similar circumstances would do.

Jury Instruction No. 31.

Plaintiff argues that only assumption of risk, and not ordinary negligence, can be "compared with the conduct of defendant manufacturer as a damage reducing factor." Motion to Alter or Amend Judgment, at 3. Plaintiff relies on Colorado case law, in which "[o]rdinary contributory negligence, consisting of failure to exercise due care to discover a defect or to guard against its possible existence, is not a defense to strict liability." *Jackson v. Harsco Corp.*, 673 P.2d 363, 366 (Colo.1983).

■ Plaintiff has "confused *damages* with *liability*." *Welch v. F.R. Stokes, Inc.*, 555 F.Supp. 1054, 1055 (D.Colo.1983) (emphasis in original). The comparative fault statute "has no change at all on liability; it merely permits the jury to consider fault in arriving at the damage figure." *Id.* at 1055. *Jackson* is not apposite because that case addresses the issue of liability. Rather, *Welch* is determinative.

**914**

IT IS THEREFORE ORDERED:

1.  Plaintiff's motion to review taxation of costs is denied.

2.  Plaintiff's motion to alter or amend the judgment is granted as to the award of prejudgment interest at nine per cent (9%) per annum from the date of Gary Huffman's death on July 29, 1981 to the date of entry of judgment on July 25, 1986. Plaintiff's motion is denied with respect to the issue of comparative fault.

3.  Plaintiff's motion for leave to execute, and defendant's motion for stay, pending disposition of plaintiff's motion to alter or amend judgment, are both denied as moot.