Ruby RICE, Personal Representative of the Heirs and Estate of Norman E. Rice, Deceased, Plaintiff,

v.

ARMSTRONG WORLD INDUSTRIES, INC., Fibreboard Corporation, Owens-Corning Fiberglas Corporation, the Celotex Corporation, Eagle-Picher Industries, Inc., GAF Corporation, Keene Corporation, Raymark Industries, Inc., Standard Insulations, Inc., Owens-Illinois, Inc., Pittsburgh Corning Corporation, Nicolet, Inc., H.K. Porter Company, Inc., ACandS, Inc., National Gypsum Company, Babcock & Wilcox, and John Crane-Houdaille, Inc., Defendants.

No. 85–K–2691.

United States District Court, D. Colorado.

Feb. 12, 1987.

James E. Goldfarb, Greengard, Blackman & Stenter, Denver, Colo., for Nicolet, Inc.

Bryan Streelman, Denver, Colo., for John Crane-Houdaille, Inc.

J. Conard Metcalf, Williams, Trine, Greenstein & Griffith, Boulder, Colo., Brian D. Weinstein, Baron & Budd, Dallas, Tex., for plaintiff.

Jack K. Anderson, DeMoulin, Anderson, Campbell & Laugesen, P.C., Denver, Colo., for Eagle-Picher, Keene Corp., Fibreboard Corp., Owens-Corning Fiberglas Corp., Owens-Illinois, Inc., Nat. Gypsum Co., U.S. Gypsum, Armstrong World Industries, Inc., ACandS, Inc. and H.K. Porter Co., Inc.

Kathleen G. Lanterman, Hall & Evans, Denver, Colo., for Raymark Industries, Inc.

David Tenner, Baker & Hostetler, Denver, Colo., for GAF Corp.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a wrongful death action instituted by Ruby Rice as personal representative of the heirs and estate of Norman E. Rice against eighteen defendants allegedly involved in the manufacture and marketing of asbestos-containing products. Jurisdiction is based on diversity of citizenship and is not contested. The case is before me on a motion for summary judgment.

Plaintiff's complaint alleges that over a period of years, Norman Rice was continually exposed to asbestos-containing products manufactured or marketed by each of the defendants. Norman Rice later contracted mesothelioma, a cancer which eventually caused his death. Plaintiff alleges Norman Rice contracted cancer and died because the defendants failed to warn him adequately of the dangers encountered through asbestos exposure. She seeks to recover damages on the theories of negligence, strict liability, breach of implied warranty, and gross negligence.

The pleadings suggest Norman Rice was exposed to sheet asbestos packaged by defendant John Crane, Inc. It is uncontested that John Crane, Inc. neither manufactured nor supplied specifications for the manufacture of the sheet asbestos it sold. John Crane purchased the sheet asbestos from vendors and relabeled the product with its own name, logo, and style designations. Defendant John Crane moves for summary judgment pursuant to Fed.R.Civ.P. 56, arguing it cannot be sued under a products liability theory because it is not a manufacturer as defined by the Colorado Products Liability Act. *See* Colo.Rev.Stat. §§ 13–21–401 to –406 (Supp.1986) (Colorado Products Liability Act).

In ruling on a motion for summary judgment, I am continually mindful of the appropriate standards of decision. Summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, — U.S. —, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show the absence of a genuine issue of material fact. Further, pleadings must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Rea v. Wichita Mortg. Corp.*, 747 F.2d 567, 575 (10th Cir.1984).

Based upon these standards, and for the reasons set forth below, defendant John Crane's motion for summary judgment is denied.

Crane argues it is not a manufacturer within the definition contained in Colo.Rev. Stat. § 13–21–401(1) (Supp.1986). Crane reasons that since it is not a manufacturer under the Colorado Products Liability Act (CPLA), it is entitled to summary judgment on all claims.

Rice argues Crane is a manufacturer as defined in CPLA. Alternatively, plaintiff asserts if Crane is not a manufacturer within the definition contained in CPLA, the only preclusion is suit under a strict liability theory.

I do not agree entirely with any of the arguments presented.

I note there is no Colorado precedent interpreting the definitional and strict liability sections of CPLA. Although I have had the opportunity to interpret CPLA on several occasions, I have not previously focused on the sections in question. *See Borroel v. Lakeshore, Inc.*, 618 F.Supp. 354 (D.Colo.1985); *Hickman v. Thomas C. Thompson Co.*, 592 F.Supp. 1282 (D.Colo. 1984); *Welch v. Stokes*, 555 F.Supp. 1054 (D.Colo.1983).

As mentioned, the parties disagree on whether Crane is a manufacturer or a seller within the meaning of CPLA. A seller is defined as "... any individual or entity, including a manufacturer, wholesaler, distributor, or retailer, who is engaged in the business of selling or leasing any product for resale, use, or consumption." Colo. Rev.Stat. § 13–21–401(3) (Supp.1986). Since John Crane repackages and sells sheet asbestos, it clearly falls within this definition of "seller."

■ Next, it must be determined whether John Crane is also a manufacturer. A manufacturer is

> ... a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer. *The term includes any seller who has actual knowledge of a defect in a product* or a seller of a product who creates and furnishes a manufacturer with specifications relevant to the alleged defect for producing the product or who otherwise exercises some significant control over all or a portion of the manufacturing process or who alters or modifies a product in any significant manner after the product comes into his possession and before it is sold to the ultimate user or consumer. The term also includes any seller of a product who is owned in whole or significant part by the manufacturer or who owns, in whole or significant part, the manufacturer. A seller not otherwise a manufacturer shall not be deemed to be a manufacturer merely because he places or has placed a private label on a product if he did not otherwise specify how the product shall be produced or controlled, in some significant manner, the manufacturing process of the product and the seller discloses who the actual manufacturer is.

Colo.Rev.Stat. § 13–21–401(1) (Supp.1986) (emphasis added). Defendant has allowed

me to interpret the statute since it offers no interpretation of its own. Defendant's Brief at 4. Plaintiff, on the other hand, offers several interpretations. First, plaintiff argues that labeling a product constitutes a "component" and that John Crane is a manufacturer because it is an entity which "... prepares a product or a component part of a product prior to the sale of the product to a user or consumer...." Plaintiff's Brief at 3–5. As authority for the proposition that the packaging of a product must be considered as a component part, plaintiff cites *Union Supply Co. v. Pust*, 196 Colo. 162, 166 n. 1, 583 P.2d 276, 280 n. 1 (1978). Plaintiff's Brief at 4. Although *Union Supply* is a product liability case, it does not hold that packaging must be considered as a component part. As I have been unable to find any Colorado authority which directly supports plaintiff's theory, I do not find the argument persuasive.[1]

■ Second, plaintiff argues CPLA classifies a seller who places a private label on a product as a manufacturer if the identity of the actual manufacturer is not disclosed on the packaging. Plaintiff's Brief at 5 n. 1. I agree with this contention. However, although plaintiff's exhibit no. 1 is allegedly Crane packaging, it is unclear from the record whether it includes all sheet asbestos packaging used by Crane. Further, I am unable to ascertain whether plaintiff's exhibit no. 1 contains the sheet asbestos packaging actually handled by plaintiff. The motion for summary judgment cannot be granted because the issue of whether the identity of the actual manufactuer was disclosed on Crane packaging is only determinable based upon facts which have not been presented.

■ Both parties have failed to address a key phrase within the definition of manufacturer which clearly raises an issue of fact. Colo.Rev.Stat. § 13–21–401(1) (Supp. 1986) states in pertinent part that the "term [manufacturer] includes any seller

---

1. It should also be noted that the cause of action in *Union Supply* arose prior to the effective date of CPLA and was not governed by its provisions.

who has actual knowledge of a defect in a product...." As previously discussed, it is clear that John Crane is a seller within the definition contained in CPLA. In order to determine whether Crane is a manufacturer, however, the existence or non-existence of John Crane's actual knowledge of a defect in sheet asbestos must be established. This is a material issue of fact that cannot be resolved in a motion for summary judgment.

It is important to determine whether Crane is a manufacturer within the definitional section of CPLA in order to establish whether a product liability action based on the doctrine of strict liability can be maintained against it. CPLA defines "product liability action" as follows:

> ... any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product.

Colo.Rev.Stat. § 13–21–401(2) (Supp.1986). Here, plaintiff sues Crane for the death of Norman Rice, which allegedly resulted from the failure to warn or protect against a danger or hazard encountered when using asbestos. Therefore, for purposes of CPLA, this is a product liability action.

Colo.Rev.Stat. § 13–21–402(1) (Supp. 1986) defines "strict liability" as follows:

> No product liability action based on the doctrine of strict liability in tort shall be commenced or maintained against any seller of a product which is alleged to contain or possess a defective condition unreasonably dangerous to the buyer, user, or consumer unless said seller is also the manufacturer of said product or the manufacturer of the part thereof claimed to be defective. Nothing in this part 4 shall be construed to limit any other action from being brought against any seller of a product.

*Id.* The plain language of this statute indicates a seller cannot be sued in a product liability action based on the doctrine of strict liability unless it is also the *manufacturer* of the sheet asbestos within the definition contained in Colo.Rev.Stat. § 13–21–401(1) (Supp.1986). Therefore, Crane's classification as a manufacturer must be resolved before the propriety of a claim based on the doctrine of strict liability can be established.

Crane argues if it is not a manufacturer, a products liability action cannot be maintained against it. This interpretation simply cannot be gleaned from the statute in question. Although it is clear that a product liability action based on the doctrine of strict liability cannot be maintained against a seller, it is also clear that "[n]othing in this part 4 shall be construed to limit any other action from being brought against any seller of a product." Colo.Rev. Stat. § 13–21–402(1) (Supp.1986). Even if I were able to determine that Crane is not a manufacturer within the CPLA definition, I could only allow dismissal of the claim for relief based on the doctrine of strict liability. Plaintiff's claims for relief based on the theories of negligence, breach of implied warranty, and gross negligence could not be dismissed under CPLA.

Accordingly,

IT IS ORDERED that defendant Crane's motion for summary judgment is denied.