**Sheila S. MUMFORD, Plaintiff–Appellant,**

v.

**John S. HUGHES, Defendant–Appellee.**

**No. 91CA1406.**

Colorado Court of Appeals, Div. I.

Sept. 10, 1992.

Rehearing Denied Oct. 15, 1992.

Certiorari Denied June 7, 1993.

—————

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Rachel A. Bellis, Leventhal & Bogue, P.C., Jim Leventhal, Denver, for plaintiff-appellant.

Johnson, Ruddy, Norman & McConaty, Thomas H. Anderson, Collie E. Norman, Denver, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this malpractice action, plaintiff, Sheila S. Mumford, appeals from the judgment entered in her favor and against defendant, John S. Hughes, M.D. She contends that the trial court erred by not awarding prejudgment interest on the entire jury verdict. We agree and remand.

Mumford brought this action against Hughes for personal injuries she sustained in the course of physical therapy after back surgery. Her injuries occurred during the administration of a diagnostic test which was ordered and supervised by Hughes.

At trial, the jury found that Hughes' negligence caused Mumford's injuries, and, as required for medical malpractice actions by the Health Care Availability Act, § 13–64–101, et seq., C.R.S. (1992 Cum.Supp.), it rendered its verdict by special verdict form. Specifically, it awarded Mumford $600,000 compensatory damages—$25,000 for medical expenses and lost earnings incurred up to the time of trial and $575,000 for future damages, including discounted lost earnings and noneconomic losses. Although the trial court granted Mumford's request for prejudgment interest on the $25,000 award for past damages, it denied prejudgment interest on the $575,000 award for future damages.

Mumford's sole contention on appeal is that the trial court erred in refusing to award prejudgment interest on the award for future damages. We agree.

I.

■ Prejudgment and postjudgment interest did not exist at common law and were created by statute. *Voight v. Colorado Mountain Club*, 819 P.2d 1088 (Colo. App.1991). Prejudgment interest in tort actions for personal injuries is specifically provided for by § 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A). *Allstate Insurance Co. v. Starke*, 797 P.2d 14 (Colo.1990). That statute provides:

> In all actions brought to recover damages for personal injuries sustained by any person resulting from [the] tort of any other person, [after] July 1, 1979, it is lawful for the plaintiff in the complaint [to] claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment

for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum [and] calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof.

Thus, the statute mandates that the trial court is to add prejudgment interest to compensatory damages awarded by the jury for personal injuries. *Seaward Construction Co. v. Bradley,* 817 P.2d 971 (Colo.1991). The addition of such prejudgment interest recognizes that the loss caused by the tortious conduct occurred at the time of the resulting injury, but that the damages paid to compensate for that loss are not received until later. *Seaward Construction Co. v. Bradley, supra.*

Hughes argues, however, that, since prejudgment interest is awarded to compensate plaintiff for the loss of use of the money awarded by the jury from the date the action accrued, only those damages which have actually accrued in the period of delay from the date of accrual to the time of the trial are entitled to receive prejudgment interest. Accordingly, he contends that, since the award of future damages did not accrue until the time of trial, the trial court's refusal to award prejudgment interest on that amount was correct. We disagree.

Hughes' argument notwithstanding, the prejudgment interest statute does not distinguish between past and future damage awards, nor did the General Assembly intend that the trial court make such differentiation when awarding prejudgment interest under this provision. Hughes' precise contention, in fact, was raised and rejected in *Stevens v. Humana of Delaware, Inc.,* 832 P.2d 1076 (Colo.App.1992), in which this court specifically held that by a plain reading of the statute there was no distinction between past and future damage awards. The *Stevens* court observed that: "[W]hen this statute was enacted ... damages for past and future losses were routinely awarded in Colorado courts." It

therefore concluded that the General Assembly intended to award prejudgment interest on all such damages, whether past or future.

*Stevens* is dispositive. Thus, under § 13–21–101(1), prejudgment interest is appropriate on awards for future, as well as past, damages. *See also Meller v. Heil Co.,* 745 F.2d 1297 (10th Cir.1984) (prejudgment interest on future earnings proper under § 13–21–101); *Huffman v. Caterpillar Tractor Co.,* 645 F.Supp. 909 (D.Colo. 1986).

## II.

■ Hughes argues, however, that because this case was tried under the Health Care Availability Act, § 13–64–101, et seq., C.R.S. (1992 Cum.Supp.), a different result is required. Specifically, Hughes argues that because the Health Care Availability Act requires a jury to make separate findings for past and for future damages in malpractice suits, prejudgment interest in such actions should be applied only to past, but not future damages. We disagree.

The General Assembly enacted the Health Care Availability Act "to assure the continued availability of adequate health care services to the people of this state by containing the significantly increasing costs of [medical] malpractice insurance." Section 13–64–102, C.R.S. (1992 Cum. Supp.). To attain this goal, the Act sets forth financial responsibility requirements of health care professionals and institutions and establishes certain procedural and evidentiary requirements to be followed in medical malpractice actions.

As is pertinent here, the Act also requires that future damages awarded "[i]n any civil action for damages in tort brought against a health care professional" be paid by periodic payments. Section 13–64–203, C.R.S. (1992 Cum.Supp.). That section further provides that:

[T]he trial judge shall enter a judgment ordering that awards for future damages be paid by periodic payments rather than by a lump-sum payment if the award for future damages exceeds the present value of one hundred fifty thousand dollars.

Accordingly, the Act provides that the trier of fact "shall make separate findings for each claimant specifying the amount of [any] past damages [and any] future damages." Section 13–64–204, C.R.S. (1992 Cum.Supp.). And therefore, in this action, the jury was required to, and did, make separate findings specifying the amount of past and future damages.

Hughes asserts that it is this latter requirement—that the findings of past and future damages be separated—which mandates the application of prejudgment interest in malpractice actions only to past damages and not to future damages awarded. We do not agree.

Whether, as Hughes asserts, it is only past and not future damages which actually were delayed in receipt by Mumford, by its clear and plain language, § 13–21–101(1) requires the court to add prejudgment interest to *any* personal injury verdict. *Stevens v. Humana of Delaware, Inc., supra.* Thus, the fact that past damages are more precisely identified under the requirements of the Health Care Availability Act is irrelevant.

Moreover, in reading and considering the Health Care Availability Act as a whole, *see Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972), we are convinced that the General Assembly did not intend that prejudgment interest be awarded any differently under that statute. *See Danielson v. Castle Meadows, Inc.,* 791 P.2d 1106 (Colo. 1990).

First, we note that the Health Care Availability Act makes no mention of judgment interest, but merely sets forth how damage awards are to be paid.

Secondly, § 13–64–204, which requires that the findings of future damages be separated from past damages, immediately follows § 13–64–203 which requires the trial court to order that future damages be made by periodic payments. This juxapositioning persuades us that the clear purpose of separate findings is to inform the trial court how much to award in periodic payments, and how much in a lump sum. Section 13–64–205(1)(c), C.R.S. (1992 Cum. Supp.).

This conclusion is further supported by the General Assembly's express declaration of purposes of the periodic payments provisions to, *inter alia,* "[r]educe the burden on public assistance costs created by the dissipation of lump-sum payments," § 13–64–201(1)(e), C.R.S. (1992 Cum.Supp.), and to "[a]ssure that payments of damages more nearly serve the purposes for which they are awarded." Section 13–64–201(1)(d), C.R.S. (1992 Cum.Supp.).

Accordingly, the judgment is affirmed in all respects except as to the denial of prejudgment interest on the $575,000 award for future damages. As to that matter the judgment is reversed, and the cause is remanded to the trial court to calculate prejudgment interest on the jury's award of $575,000 and to enter judgment for that amount.

STERNBERG, C.J., and NEY, J., concur.